**In the Matter of AUTOCUE SALES & DISTRIBUTING CORP., Bankrupt.**

United States District Court
S. D. New York.
Feb. 18, 1957.

Helfat & Helfat, New York City, for trustee. Bernard A. Helfat, New York City, of counsel.

Levine, Rembar & Zolotar, New York City, for petitioners. George Zolotar, New York City, of counsel.

DAWSON, District Judge.

This is a petition to review the election of a trustee and for an order setting aside the order heretofore entered by the Referee approving the appointment of the Trustee.

Petitioners, the bankrupt and his attorney who filed a claim, contend that at the election of the Trustee the Referee erroneously approved the appointment of a candidate whose election depended on votes cast by persons who should not have been permitted to vote, and that the Referee failed to consider and pass upon the validity of certain claims which were voted at the meeting, and also failed to consider and pass upon the qualifications of the person elected to serve as Trustee.

The record shows that at the first meeting of creditors two candidates were nominated for the office of Trustee. One of them, Henry Kohn, who had been serving as Receiver, was nominated by representatives of five claimants holding claims allegedly in the amount of $81,-117.72. Another group of claimants voted four claims, allegedly in the amount of $1,870.67, for one Charles R. Andrews, a creditor.

After the votes were cast and after the Referee declared that Mr. Kohn had been elected Trustee, Mr. Zolotar, who was present as attorney for the bankrupt and who contends that he is also a creditor, stated that he wished to examine the claims, apparently on the ground that the creditors who had voted for Mr. Kohn were themselves defendants in law suits pending in the State courts brought against them by the bankrupt. Mr. Zolotar then made an offer of proof to establish that these creditors were defendants, by way of counterclaims, in law suits pending be-

tween the bankrupt and those creditors, and urged that it would be improper to consider such persons as creditors for purposes of electing a Trustee, and that it would be improper to have a person elected Trustee who would be charged with the responsibility of handling litigation against the very persons who had brought about his election as Trustee. The Referee refused to examine the claims and refused to take testimony as to the validity of the claims and declared that Mr. Kohn was elected Trustee, and subsequently entered an order approving Mr. Kohn as Trustee.

Three issues are raised:

(1) Was the Referee justified in refusing to examine the claims of creditors who were voting for Mr. Kohn.

(2) Was the Referee justified in approving the election of Mr. Kohn without consideration as to whether Mr. Kohn's election might have been brought about by creditors against whom the Trustee might have to press certain law suits.

(3) Were the petitioners herein persons who could properly raise the foregoing issues or ask this Court for a review of the action of the Referee.

## Discussion

■ 1. A creditor has no right to vote until his claim has been allowed. Bankruptcy Act, § 56, sub. a, 11 U.S. C.A. § 92, sub. a. By filing a proper proof of claim a creditor makes out a prima facie case for the allowance of his claim, unless the claim is invalid on its face or the Referee demands further evidence or an objection is interposed. It is the right and duty of the Referee to determine the voting power of a claim regardless of whether or not objections have been made regarding it. See 3 Collier, Bankruptcy Par. 56.05 (14th ed. 1956).

■■ However, an objection to the vote of a claim must be timely. It may not be made after the vote has been taken. Failure to object before the vote is taken is deemed a waiver of the ob-

jection. Curtis Candy Co. v. Brent, 6 Cir., 1926, 16 F.2d 119; In re Stradley & Co., D.C.N.D.Ala.1911, 187 F. 285; 3 Collier, supra at p. 55.

■ In the present case the petitioner allowed the votes to be cast, the election to be held and the results announced, before he raised objections to the votes of the other creditors. He was too late. If he had raised objections at the time the votes had been cast, perhaps the Referee then would have been under an obligation to consider the objections and to pass upon the validity of the claim for voting purposes. In re Malino, D.C.S.D.N.Y.1902, 118 F. 368.

2. The procedure adopted by petitioner did not timely raise an objection to the voting of the claims. It did raise a question as to whether the Referee should approve the election of Mr. Kohn, or should disapprove it on the ground asserted by petitioner "that there should not be a Trustee who owes his election to the persons who are defendants in law suits which the bankrupt has instituted."

■ The election of a trustee by the creditors is subject to a Referee's approval in the reasonable exercise of his sound discretion. See 2 Collier, supra, Par. 44.06.

■ A Trustee should be wholly free from all entangling alliances or associations that might in any way control or influence his complete independence and responsibility.

■ When an objection is raised that the person elected as Trustee may be beholden to persons against whom the bankrupt's estate has claims, it is the duty of the Referee to examine into the facts and to make certain that no circumstances exist which will in any way affect the judgment or the actions of the Trustee in administering the estate. If the Referee, after hearing the facts, approves the Trustee a court would be loath to interfere with his discretion. In the present case, however, the Referee took no evidence on the issue raised and simply stated that since Mr. Kohn had

been appointed Receiver by a judge of this court that he "is an impartial Trustee."

 It would appear that the Referee owed a duty to determine the impartiality of the Trustee from evidence that might be submitted. He might well have concluded, after receiving evidence and hearing argument that the Trustee was qualified; nevertheless, it is proper to make a record on the subject so that the Referee in exercising his judgment has all the facts before him, so that from those facts he could determine whether the Trustee had any conflict of interest which would affect the administration of the estate.

 3. The next question that is raised is whether petitioners herein had standing to present the objection to the Trustee and to bring this petition for review of the Referee's order. It is well recognized that neither the bankrupt nor his attorney should interfere in the election and appointment of a Trustee. In re Bloomberg, D.C.D.Minn.1931, 48 F.2d 635. This is because one of the duties of a Trustee is to examine the activities of the bankrupt in order to ascertain whether any fraud has been perpetrated upon the creditors.

This does not mean, however, that the bankrupt has no standing in the proceedings. Here the bankrupt has started legal action in the State court and if any recovery therein will add to the estate, the bankrupt is of course properly interested in making certain that the person who is to conduct the litigation in the future will conduct it diligently and will not be influenced by any association with those against whom the actions are pending. Even if the bankrupt had no right to participate in the election of the Trustee it does not mean that the Referee can ignore an objection made by the bankrupt since it was the duty of the Referee to determine the Trustee's qualifications, irrespective of such objection. See In re Arthur Devon, Inc., D.C.W.D. Wash.1932, 1 F.Supp. 401. The Bankruptcy Act accords a right of review to "a person aggrieved * * * [who is a] party in interest * * *" Bankruptcy Act, § 39, sub. c, 11 U.S.C.A. § 67, sub. c. It is not necessary, however, to determine if the petitioners here are within the ambit of the statute as the Act does not impose a jurisdictional limitation upon the Court which possesses discretionary power to review the acts of the Referee. In re Albert, 2 Cir., 1941, 122 F.2d 393; Biggs v. Mays, 8 Cir., 1942, 125 F.2d 693; 2 Collier, supra, Par. 39.18. In the exercise of that discretion it is proper to note that sound bankruptcy administration requires that the Referee consider the objections raised to the Trustee.

The petition for review is granted to the extent of directing the Referee to reopen the first meeting of creditors and to take such proof as may be relevant and pertinent to a determination as to whether the Trustee is free from all entangling alliances or associations which may in any way influence his complete independence in the administering of the estate. The Referee shall, after taking such testimony, make such findings and conclusions thereon as he deems proper and either affirm the appointment of Mr. Kohn as Trustee or make such order as in the circumstances he may deem proper and appropriate. So ordered.