**In re DB DRILLING, INC., Debtor.**

**Bankruptcy No. 186–10246.**

United States Bankruptcy Court,
N.D. Texas,
Abilene Division.

May 29, 1987.*

Jack H. Bryant, Abilene, Tex., for debtor.

Billy W. Boone, Abilene, Tex., for Reed Tool Co., Smith Tool, Triumph-Lor, SII Drilco and Tri-State Oil Tool.

Gary M. Brown, Whitten, Haag, Hacker, Hagin & Cutbirth, Abilene, Tex., for E.C. Rental Tool.

George F. McElreath, Asst. U.S. Trustee, U.S. Dept. of Justice, Dallas, Tex., U.S. Trustee.

A.M. Mancuso, Dallas, Tex., Trustee-in-Bankruptcy.

Stanley Wright, Arlington, Tex., Interim Trustee.

MEMORANDUM OF OPINION CONCERNING MOTION FOR RESOLUTION OF DISPUTED ELECTION

JOHN C. AKARD, Bankruptcy Judge.

*Facts*

On September 19, 1986, creditors filed an involuntary Chapter 7 Petition against DB

---

* This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014.

Drilling, Inc. (the Debtor). On October 26, 1986, the Debtor converted the case to a Chapter 11. On February 20, 1987, the United States Trustee filed a First Amended Appointment of Committee of Unsecured Creditors.[1] On Motion of the United States Trustee, the case was reconverted to Chapter 7 on February 25, 1987.

The Clerk mailed a Notice dated March 20, 1987 that the First Meeting of Creditors pursuant to 11 U.S.C. § 341 (the § 341 Meeting[2]) would be held April 9, 1987 at the United States Courthouse in Abilene, Texas. The Notice indicated that the Interim Trustee in the case was Stanley W. Wright, an approved member of the United States Trustee panel.

The § 341 Meeting was held as scheduled. At the meeting, the creditors present elected a Trustee. Mr. Wright filed his Report of Election on April 13, 1987. The Report showed that the creditors requesting an election consisted of Reed Tool Company, Smith Tool, Triumph-Lor, SII Drilco and Tri-State Oil Tool. They voted to elect Mr. A.M. Mancuso Trustee. Mr. Mancuso is also on the list of Trustees approved by the United States Trustee's office. The two other creditors present at the § 341 Meeting, E.C. Rental Tool & Equipment, Inc. (E.C. Rental Tool) and Mike Rogers Drilling, voted to retain Mr. Wright as Trustee. The United States Trustee and the five "Mancuso" creditors brought separate Motions pursuant to Bankruptcy Rule 2003(d) to resolve the disputed election.

### Issues

The two outvoted creditors disputed the election of Mr. Mancuso on two grounds. First, that the creditors who requested the election "may maintain an interest materially adverse to the interests of the general unsecured creditors" and, thus, are not entitled to vote pursuant to § 702(a)(2).

Second, at hearing, these creditors raised an issue with respect to whether the five "Mancuso" creditors' claims were allowable pursuant to § 702(a)(1).

### Discussion

Section 702 states in pertinent part:

(a) A creditor may vote for a candidate for trustee only if such creditor—

(1) holds an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under section 726(a)(2), 726(a)(3), 726(a)(4), 752(a), 766(h), or 766(i) of this title;

(2) does not have an interest materially adverse, other than an equity interest that is not substantial in relation to such creditor's interest as a creditor, to the interest of creditors entitled to such distribution; and

(3) is not an insider.

. . . .

(c) A candidate for trustee is elected trustee if—

(1) creditors holding at least 20 percent in amount of the claims of a kind specified in subsection (a)(1) of this section that are held by creditors that may vote under subsection (a) of this section vote; and

(2) such candidate receives the votes of creditors holding a majority in amount of claims specified in subsection (a)(1) of this section that are held by creditors that vote for a trustee.

With respect to the first issue raised by the creditors supporting the election of Mr. Wright, no testimony was presented at hearing that the interests of the five creditors supporting the election of Mr. Mancuso were in any way materially adverse to the interests of the general unsecured creditors. Indeed, the only evidence in the record which shows these creditors to be adverse to anyone's interests is the fact that three of the five creditors who voted

1. The Committee consisted of Billy W. Boone, Chairman, representing Reed Tool Company, Smith Tool, Triumph-Lor, SII Drilco, and Tri-State Oil Tool, John Kliugenmeier of Questa Oil and Gas Company, Gary M. Brown representing E.C. Tool Rental & Equipment, Inc., Darrell Cobbman of Halliburton Services, Warren Haw-

ley of H.W. Lemens, Inc. and Jere Crean of Schlumberger Well Service.

2. The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to Section numbers are to Sections in the Bankruptcy Code.

for Mr. Mancuso were those who filed the involuntary petition against the Debtor. That fact can only be construed as favorable to the two dissenting creditors' interests as unsecured creditors of the estate.

With respect to the complaint that the five "Mancuso" creditors' claims were not allowable and, thus, that their votes should not be counted, ordinarily a claim may be voted if it is in substantial compliance with the Bankruptcy Laws and Rules and provided no objection is made to it. 8 C.J.S. § 159 *Bankruptcy* (1962).

Neither the testimony nor the record in this case show that an objection was ever filed to the claims of the five "Mancuso" creditors. The dissenting creditors, however, insist that these five claims are still subject to objection and dispute.

■ For voting purposes, the mere filing of a Proof of Claim is *prima facie* evidence of the validity of that claim unless it is invalid on its face, or an objection is interposed. *In re Flexible Conveyer Co.*, 156 F.Supp. 164 (N.D.Ohio 1957); *see also Sloan's Furriers, Inc. v. Bradley*, 146 F.2d 757 (6th Cir.1945); *In re Autocue Sales & Distributing Corp.*, 148 F.Supp. 685 (S.D. N.Y.1957). Therefore, a claim should be allowed for voting purposes if it is in substantial compliance with the requirements of the Code and the Official Bankruptcy Forms; if the name and address of the creditor and the amount of its claim are substantially as shown in the schedules; and there is no objection to the allowance of the claim. *In re Flexible Conveyer Co.*, *supra.*

The Debtor's Schedules and the Proofs of Claim filed by the five "Mancuso" creditors show amounts claimed as follows:

| Creditor | Debtor's Schedules | Proof of Claim |
| --- | --- | --- |
| Reed Tool Company | $441,945.45 | $443,717.67 |
| Smith Tool | 78,166.65 | 77,631.56 |
| Triumph-Lor | 63,538.33 | 52,987.89 |
| SII Drilco | 10,928.00 | No claim filed |
| Tri-State Oil Tool | 17,070.40 | 17,070.40 |
| Total | $611,648.83 | $591,407.52 |

The Debtor's Schedules and the Proofs of Claim filed by the two "Wright" Creditors show amounts claimed as follows:

| Creditor | Debtor's Schedules | Proof of Claim |
| --- | --- | --- |
| E.C. Rental Tool | $335,437.00 | $335,437.70 |
| Mike Rogers Drilling | 145,502.51 | No claim filed |
| Total | $480,939.51 | $335,437.70 |

The total amount of unsecured claims as scheduled by the Debtor is $2,550,040.34. Twenty percent of unsecured claims equals $510,008.06.

Bankruptcy Rule 3001(a) requires that a Proof of Claim other than one for wages, salary or commissions must substantially conform to Official Form No. 19. Subsection (b) states that the Proof of Claim must be executed by the creditor or his authorized agent, except as provided in Rules 3004 and 3005.

■ Bankruptcy Rule 3002 deals with filing the Proof of Claim or interest, and states that: "(a) ... [a]n unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed, except as provided in Rules 3003, 3004 and 3005." [3] Because SII Drilco and Mike Rogers Drilling failed to file Proofs of Claim, their claims are not allowable pursuant to Bankruptcy Rule 3002. Therefore, they were ineligible to vote for a candidate for Trustee pursuant to § 702(a)(1).

■ To be a valid election, the statute requires that (a) creditors holding at least 20 percent of the unsecured debt vote; and (b) of those creditors casting ballots, the successful candidate must receive a majority vote in amount of claims held by those creditors voting. A candidate is elected trustee if creditors holding at least 20 percent in amount of those claims actually vote, and if the candidate receives a majority in amount of votes actually cast.

**3.** These three Rules are inapplicable in the instant case. Rule 3003 deals with filing a Proof of Claim or equity security interest in a Chapter 9 Municipality or a Chapter 11 Reorganization case. Rule 3004 states that a Debtor or Trustee may file a claim in the name of a creditor who fails to file its own proof of claim on or before the first date set for the meeting of creditors. Rule 3005 gives the procedure for filing a claim acceptance or rejection by a guarantor, surety, indorser, or other co-Debtor.

■ The Court notes that the amounts of the "Mancuso" creditors' claims are substantially as shown in the schedules, and that no objection was made to the allowance of any of the claims. This Court would not be justified in denying the right to vote for a Trustee-in-Bankruptcy to the holder of a *prima facie* claim merely because some question as to the allowance of that claim may ultimately be raised in the case.

There was insufficient information at the hearing for the Court to disallow the vote of E.C. Rental Tool but it appears from the record that E.C. Rental Tool, if it is not an insider within the meaning of § 101(30)(B), is at least closely related to the Debtor. In its Order of Conversion entered March 2, 1987, the Court noted that there were a significant number of prepetition transactions between the Debtor and E.C. Rental Tool, and that there is a similarity between the persons who own and operate these two entities.

## *Conclusion*

■ Even without the vote of SII Drilco, the four remaining "Mancuso" creditors still comprise a majority in amount of claims voting pursuant to § 702(c)(1), since their claims total more than $510,008.06. Thus, the election met all the requirements of § 702 and Mr. A.M. Mancuso is declared Trustee of the Debtor's estate.

Order accordingly.[4]

---

4. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014.