CURTIS CANDY CO. et al. v. BRENT.

In re LEWIS CANDY CO.

(Circuit Court of Appeals, Sixth Circuit. December 8, 1926.)

No. 4744.

1. Bankruptcy ⊗⟹123—Objection that bank creditor was not qualified to vote for trustee, not timely made, held waived.

Objection that bank participating in election of trustee was not qualified to vote held waived, when not made at the time.

2. Bankruptcy ⊗⟹127—Power to appoint trustee on failure of creditors to elect held not exhausted by appointment of one who refused to accept (Bankruptcy Act, §§ 44, 50k [Comp. St. §§ 9628, 9634]; General Order 25).

Under Bankruptcy Act, §§ 44, 50k (Comp. St. §§ 9628, 9634), and General Order 25, power of referee to appoint trustee on failure of creditors to elect held not exhausted by appointment of one who declined to accept, so as to invalidate further appointment.

Petition to Revise an Order of the District Court of the United States for the Western District of Kentucky; Charles I. Dawson, Judge.

In the matter of the bankruptcy of the Lewis Candy Company; George A. Brent, trustee. On petition of the Curtis Candy Company and others to revise an order of the District Court confirming referee's appointment of receiver. Affirmed.

Emile Steinfeld, of Louisville, Ky. (Joseph Lazarus and Morris B. Gifford, both of Louisville, Ky., on the brief), for petitioners.

D. A. Sachs, Jr., of Louisville, Ky., for respondent.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. [1] At the first meeting of creditors, the referee allowed many claims, including one to the bank. The majority of creditors, in number, voted for A. as trustee; the bank, representing the majority in amount (without depending on another who joined the bank), voted for B. No creditor objected to allowing the bank to vote. There being no election, the referee appointed C. On the second day thereafter C. declined; and the referee appointed D., who qualified and is acting. It is now said that there was no failure to elect, since officers of the bankrupt corporation were sureties on the bank's debt, and one of them was the attorney named in the proof of claim; hence the bankrupt was participating in the choice of a trustee, and the vote of the bank should be eliminated.

Obviously this objection was waived, because not made at the time. It would have more or less force, depending upon its particular facts. In some aspects it might have been promptly cured, if it had been made.

[2] It is next urged, that upon C.'s refusal to accept, there was a vacancy which could be filled only by creditors. It might be conceded that, where creditors have elected a trustee and he declines, there must be another election; but we think that even the literalness of the statute (Bankruptcy Act, § 50(k), being Comp. St. § 9634, and section 44, being Comp. St. § 9628; General Order 25) does not fairly reach a case where the creditors have failed to elect and the referee's power to appoint has arisen. Such power continues until it is effectively exercised; a mere abortive attempt at exercise leaves it unimpaired.

The referee's order appointing the present trustee is affirmed.