**ROBERTS v. HUNTER, Warden.**
No. 2752.

Circuit Court of Appeals, Tenth Circuit.
Nov. 16, 1943.

C. D. Roberts, pro se, and John H. Murray, of Leavenworth, Kan., for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (George H. West, of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Kansas, denying discharge in habeas corpus proceeding.

On March 10, 1941, the appellant C. D. Roberts, together with a co-defendant, was indicted in the United States District Court for the Western District of Texas. Counts one to ten, inclusive, separately charged the appellant with passing, uttering and publishing as true certain altered obligations of the United States, to-wit: United States Internal Revenue documentary stamps, and with possession of such altered stamps in violation of Section 151 of the Criminal Code (18 U.S.C.A. § 265). Count eleven charged a conspiracy to violate the substantive counts in the indictment (18 U.S.C.A. § 88). The jury found appellant guilty on all counts of the indictment, except count nine, which had been dismissed, and on April 4, 1941, he was sentenced for a term of four years.

The appellant contends that the writ should have been granted on the grounds (1) that internal revenue documentary stamps are not "obligations" of the United States, as that term is used in Section 151 of the Criminal Code, and therefore the indictment does not state an offense against the laws of the United States; (2) that he was deprived of the assistance of counsel as guaranteed by the 6th Amendment to the Constitution; and (3) counts 3, 4, and 10 of the indictment are barred by the statute of limitations.

 If it affirmatively appears on the face of the indictment that the acts charged as criminal do not constitute an offense against the laws of the United States the judgment and sentence is a nullity and habeas corpus is available to test that question. Ex parte Siebold, 100 U.S. 371, 25 L.Ed. 717; Knewel v. Egan, 268 U.S. 442,

45 S.Ct. 522, 69 L.Ed. 1036; Moore v. Aderhold, 10 Cir., 108 F.2d 729; Knight v. Hudspeth, 10 Cir., 112 F.2d 137; Creech v. Hudspeth, 10 Cir., 112 F.2d 603; Rosenhoover v. Hudspeth, 10 Cir., 112 F.2d 667; Moses v. Hudspeth, 10 Cir., 129 F.2d 279. Likewise, if the defendant was deprived of his constitutional right to the assistance of counsel, resulting in the deprivation of a fair and impartial trial, the judgment and sentence is void and habeas corpus is available to test that question. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461, 146 A.L.R. 357; Nivens v. Hudspeth, 10 Cir., 105 F.2d 756.

 It is a violation of Section 151 of the Criminal Code to pass, utter, publish or possess any falsely made, forged, counterfeited, or altered obligation or other security of the United States with intent to defraud, but the appellant argues that internal revenue documentary stamps cannot be considered as "obligations" of the United States, in any sense of the word because the Government is not required to make any payment in redemption of them and when once canceled as required by law, they have served their purpose, and the Government could not have been defrauded by the subsequent passing, uttering, publishing, or possession of the same. This argument would be more convincing if it were not foreclosed by the definitive language of Section 147 of the Criminal Code (18 U.S.C.A. § 261), which expressly defines the term "obligation or other securities of the United States" as "stamps and other representatives of value, of whatever denomination, which have been or may be issued under any Act of Congress, and canceled United States stamps." [1] Thus, it is clear that Internal Revenue documentary stamps are obligations of the United States, and the indictment therefore charges an offense under Section 151 of the Criminal Code. Cf. Errington v. Hudspeth, 10 Cir., 110 F.2d 384, 127 A.L.R. 1467.

 The question whether the Internal Revenue Stamps were altered obligations of the United States was one of fact which was foreclosed by the finality of the judgment of conviction and is not within the scope of our inquiry on habeas corpus. Scott v. Aderhold, 10 Cir., 116 F.2d 797; Hudspeth v. McDonald, 10 Cir., 120 F. 2d

---

[1] Prior to 1938 Section 147 of the Criminal Code did not include canceled United States stamps in its definition of "obligation or other securities of the United States", but in 1938, 52 Stat. 7, Congress amended the original Act by including the words "and canceled United States stamps".

962; Casebeer v. Hudspeth, 10 Cir., 121 F. 2d 914.

■ Appellant further contends that although represented by counsel of his own choice, he was denied the assistance of counsel, as guaranteed by the 6th Amendment to the Constitution, because the court also appointed his attorney to represent his co-defendant, and their interests were conflicting. The purpose of the constitutional guaranty to the effective assistance of counsel is to protect an accused from conviction resulting from his own ignorance of his legal and constitutional rights, and assure him the guiding hand of counsel at every step in the proceedings, Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461, 146 A.L.R. 357, and as the Supreme Court said in Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 467, 86 L.Ed. 680, "of equal importance with the duty of the court to see that an accused has the assistance of counsel is its duty to refrain from embarrassing counsel in the defense of an accused by insisting, or indeed, even suggesting that counsel undertake to concurrently represent interests which might diverge from those of his first client, when the possibility of that divergence is brought home to the court". But, appellant's testimony at the habeas corpus proceedings utterly failed to establish any conflict of interest, or that he was deprived of the effective assistance of counsel at every stage of the proceedings. Cf. Glasser v. United States, supra, and Mitchell v. Youell, 4 Cir., 130 F.2d 880.

■■ Appellant's contention that he is entitled to discharge because counts 3, 4, and 10 were barred by the statute of limitations is utterly without merit. The defense of limitations is affirmative in character and is peculiarly a matter for review on writ of error and not by habeas corpus. Martin v. Biddle, 8 Cir., 16 F.2d 119; Biddinger v. Commissioner of Police, 245 U.S. 128, 38 S.Ct. 41, 62 L.Ed. 193. Furthermore, other counts in the indictment, any one of which would support the sentence of four years, are clearly within the time prescribed by the statute of limitations and as we said in Schultz v. Hudspeth, 10 Cir., 123 F.2d 729, 732 "this court will not decide any question [on habeas corpus proceedings] which will not result in the immediate release of the petitioner". See, also, McNally v. Hill, 293 U.S. 131, 55 S. Ct. 24, 79 L.Ed. 238.

The judgment is affirmed.