Kenneth E. **WATERS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 7372.

United States Court of Appeals Tenth Circuit.

March 4, 1964.

Malcolm E. MacDougall, Denver, Colo., for appellant.

John W. Raley, Jr., Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., with him on brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal in forma pauperis from a conviction and sentence upon an information charging that appellant-Waters "did unlawfully possess a firearm as defined by Section 5848(1), Title 26, United States Code * * * which firearm had been made in violation of Section 5821, Title 26, United States Code, in that the making tax * * * had not been paid prior to the making of said firearm, and in that, prior to the making of said firearm, there was a failure to file a written declaration of intention to make said firearm, as required by Section 5821, Title 26, United States Code, all in violation of Section 5851, Title 26, United States Code." [1] The principal contention is that inasmuch as a prior indictment, charging appellant.

---

1. 26 U.S.C. § 5848(1) pertinently defines the term "firearm" as, "a shotgun or rifle having a barrel of less than 18 inches in length * * * from which a shot is discharged by an explosive if such weapon is capable of being concealed on the person, * * *."

26 U.S.C. § 5821 pertinently provides: "(a) * * * There shall be levied, collected, and paid upon the making in the United States of any firearm * * * a tax at that rate provided in section 5811 (a) * * *."

"(c) * * * The tax imposed by subsection (a) shall be paid by the person making the firearm. Such tax shall be paid in advance of the making of the firearm.

"(d) * * * Payment of the tax imposed by subsection (a) shall be represented by appropriate stamps to be provided by the Secretary [of the Treasury] or his delegate.

"(e) * * * It shall be unlawful for any person subject to the tax imposed by subsection (a) to make a firearm.

with illegal possession of the same firearm on the same date, was dismissed "with prejudice," the information upon which this conviction rests placed him twice in jeopardy for the same offense.

The agreed facts are as follows: An indictment was previously returned, charging that appellant "did unlawfully possess [on the same date charged in the information here] a firearm as defined by Section 5848(1), Title 26, United States Code * * * which firearm was not registered with the Secretary of the Treasury or his delegate, as required by Section 5841, Title 26, United States Code, all in violation of Section 5851, Title 26, United States Code." On motion of the Government, this indictment was dismissed "with prejudice." And see: Russell v. United States, 9 Cir., 306 F.2d 402. Soon after the dismissal, and more than three years after the offense charged, appellant waived his right to prosecution by indictment in open court and the instant information was filed against him. The trial court overruled appellant's motion for acquittal "by reason of former jeopardy," and following trial to the Court, he was found guilty as charged and the sentence imposed was suspended.

■ The Supreme Court has recently had occasion to re-emphasize the prohibition of the Double Jeopardy Clause as not against being "punished twice," but against being twice put in jeopardy of conviction for the same offense, and that "[h]arassment of an accused by successive prosecutions * * * so as to afford the prosecution a more favorable opportunity to convict are examples when jeopardy attaches." Downum v. United States, 372 U.S. 734, 736, 83 S.Ct. 1033, 1034, 10 L.Ed.2d 100. The test for identity of offenses charged, for purposes of double jeopardy and duplicity, is "whether the same evidence is required to sustain them." Morgan v. Devine, 237 U.S. 632, 641, 35 S.Ct. 712, 714, 59 L.Ed. 1153. And see: Beacham v. United States (10 CA), 218 F.2d 528; Rayborn v. United States, 234 F.2d 368 (6 CA); and Marshall v. United States (10 CA), 299 F.2d 141.

■ Appellant asserts that the offense twice charged against him is illegal possession of the same firearm, as defined in § 5848(1), in violation of § 5851, and evidence of possession being statutorily sufficient to authorize conviction, only one conviction is permissible under the statute. If the two offenses involved here are statutorily provable by the same facts, they are identical for purposes of double jeopardy, and appellant must prevail. The conclusive answer is, however, that proof of possession of a firearm defined in § 5848(1) is not statutorily sufficient to prove the offense charged in either the indictment or the information. As we shall see, each of the offenses requires proof, not essential to the other.

Section 5851, under which both charges were cast, is concerned with eight different regulatory revenue sections, and makes possession of a firearm, defined in § 5848(1), illegal for non-compliance with any of the enumerated sections. See: Fleish v. Johnston (9 CA), 145 F. 2d 16; Montgomery v. United States (4.

unless, prior to such making, he has declared in writing his intention to make a firearm, has affixed the stamp described in subsection (d) to the original of such declaration, and has filed such original and a copy thereof. * * * If the person making the declaration is an individual, there shall be included as part of the declaration the fingerprints and a photograph of such individual."

26 U.S.C. § 5851 provides: "It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of sec-

tions 5811, 5812(b), 5813, 5814, 5844, or 5846, or which has at any time been made in violation of section 5821, or to possess any firearm which has not been registered as required by section 5841. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury."

CA), 146 F.2d 142; and United States v. Hardgrave (7 CA), 214 F.2d 673. Cf. Mares v. United States (10 CA), 319 F. 2d 71. While possession is an essential element of each of the several offenses embraced within § 5851, each of them requires proof of additional fact of noncompliance, not essential to the others. Thus, possession of a firearm, defined in § 5848(1), without having registered the same as required by § 5841,[2] does not authorize a conviction for the possession of the same firearm without the maker having declared his intention to make the same and having paid the tax thereon, as required by § 5821. Indeed, § 5841 specifically provides that compliance with § 5821 obviates the necessity of compliance with § 5841. See: Footnote 2. If prior to the making of the firearm, the maker has declared his intention to do so and paid the tax thereon, he is not required to register the same after it is made.

Section 5848(1) describes the physical characteristics of the firearms to which the provisions of § 5851 are applicable. But, the enumerated sections in § 5851 describe the illegal attributes of firearms, the possession of which is condemned by § 5851. This section, i. e., § 5851, then provides that proof of possession of "such firearm * * * shall be deemed sufficient evidence to authorize conviction * * *." The phrase, "such firearm" has reference not only to a firearm defined in § 5848(1), but also to a firearm which is illegally possessed for non-compliance with one of the enumerated regulatory sections, viz., a firearm "which has at any time been made in violation of section 5821," or "which has not been registered as required by section 5841." It is, therefore, incumbent upon the Government to prove, not only possession of a firearm defined in § 5848(1), but that the firearm is one illegally possessed, for

failure to comply with one of the enumerated regulatory sections. Though the firearm is physically the same, the possession of that firearm becomes illegal, according to the characteristics which the law attaches to it by regulatory measures. The possession condemned in each case rests upon diverse facts, and jeopardy on one is not jeopardy on the other. In this view of the case, it is unnecessary to consider the significance or effect of the dismissal of the prior indictment "with prejudice."

Apparently for the first time, on appeal, appellant raises the three year statute of limitations under 26 U.S.C. § 6531, which provides: "No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense * * *." While the Government has made no point of the timeliness of the plea, it is nevertheless important to consider whether the statute is an affirmative defense, which must be originally pleaded on peril of waiver, as in civil cases, or whether it constitutes a jurisdictional bar to prosecution and punishment.

■■ This statute of limitations, as found in the revenue laws, is in consonance with a policy of repose "that is fundamental to our society and our criminal law." Bridges v. United States, 346 U.S. 209, 73 S.Ct. 1055, 97 L.Ed. 1557. And see: The 32nd Section of the Act of April 30, 1790, 1 Statutes at Large 119. And, it is to be liberally interpreted in favor of the accused. See: United States v. Scharton, 285 U.S. 518, 52 S. Ct. 416, 76 L.Ed. 917; and United States v. McElvain, 272 U.S. 633, 47 S.Ct. 219, 71 L.Ed. 451. For, as Judge Fahy states

2. 26 U.S.C. § 5841 provides: "Every person possessing a firearm shall register, with the Secretary or his delegate, the number or other mark identifying such firearm, together with his name, address, place where such firearm is usually kept, and place of business or employment * * *. No person shall be required to register under this section with respect to a firearm which such person acquired by transfer or importation or which such person made, if provisions of this chapter applied to such transfer, importation, or making * * * and if the provisions which applied thereto were complied with."

in Askins v. United States, 102 U.S.App. D.C. 198, 251 F.2d 909, 912, "society is likely to be healthier on the whole if an individual suspected of a non-capital offense is either charged within a specified time * * * or else is relieved of the never-ending possibility of public accountability for an accusation arising out of the long ago." Unlike the statute of limitations in civil cases, it is not a mere limitation upon the remedy, but a limitation upon the power of the sovereign to act against the accused. See: Benes v. United States (6 CA), 276 F.2d 99; and Chaifetz v. United States, 109 U.S.App.D.C. 349, 288 F.2d 133, cert. den. 366 U.S. 209, 81 S.Ct. 1051, 6 L.Ed. 2d 233, reh. den. 366 U.S. 955, 81 S.Ct. 1901, 6 L.Ed.2d 1247.

We have indicated, however, following good authority, that the statute is an affirmative defense, not available in a collateral attack by habeas corpus. See: Roberts v. Hunter (10 CA), 140 F.2d 38, citing Biddinger v. Commissioner of Police, 245 U.S. 128, 38 S.Ct. 41, 62 L.Ed. 193, which relied upon United States v. Cook, 17 Wall. 168, 84 U.S. 168, 21 L.Ed. 538, involving a statute of limitations in a Revenue Act. And see: Capone v. Aderhold (5 CA), 65 F.2d 130. The Askins case, supra, differentiates between a statute of limitations directed to the indictment itself, and a situation in which the accused is indicted for an offense without limitation and convicted of a lesser included offense, to which a statute is applicable. "In this special situation," said the Court, " * * the sentence is subject to collateral attack," since no period of limitation was applicable to the indictment and the question of lawfulness of the sentence did not, therefore, arise until after the verdict. See also: Chaifetz v. United States, ibid.

Notwithstanding Roberts v. Hunter, supra, and the cases there cited, and the differentiation made in Askins, supra, if recognition of a distinction between the statute of repose in civil cases and the substantive bar in criminal cases, is to have any meaning in the administration of criminal justice, the statute of limitations must be held to affect not only the remedy, but to operate as a jurisdictional limitation upon the power to prosecute and punish. And see: Bustamante v. District Court of the Third Judicial District, 138 Colo. 97, 329 P.2d 1013; Herman v. People, 124 Colo. 46, 233 P.2d 873; People v. Crosby, Cal., 25 Cal.Rptr. 847, 375 P.2d 839; and People v. McGee (Cal.), 36 P.2d 378. The language of the statute clearly provides that no person shall be prosecuted, tried or punished for the offense charged here, unless the information is instituted within three years after the commission of the offense. It is plainly a limitation upon the power to prosecute or to punish. It is, therefore, jurisdictional, and noticeable at this stage of the proceedings.

Indeed, the Government apparently does not contend otherwise, for it relies upon the exception to the general three year period in § 6531, which provides that the period of limitations shall be six years for eight separately and specifically enumerated offenses arising under the revenue laws, four of which specify the section or sections of the revenue laws to which they are referable. None of the exceptions make reference to § 5851, under which this information is laid.

Since the six-year limitation is an exception to the general rule, it must be strictly construed to apply to those offenses specifically enumerated. See: United States v. Scharton, supra; and Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23. The Government takes the position that the offense charged here falls within the second category of excepted offenses, as "for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof." While this category does not make specific reference to a section or sections of the revenue laws, the critical language can be found in a number of sections which make it an offense to willfully attempt, in any manner, to evade or defeat a tax or the payment thereof. See: 26 U.S.C. §§ 5646; 5671; 5684(b); 5761; 6653(e); and 6672. As we have

seen, § 5851, under which the appellant is charged, is not concerned with "willfully attempting * * * to evade or defeat any tax," but condemns the possession of a firearm on which the making tax has not been paid as provided by § 5821. It is plain that the six-year limitation exception is inapplicable to the offense charged in this case.

The case must, therefore, be reversed, with directions to vacate the judgment and dismiss the information.