**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jack B. KARLIN, Defendant-Appellant.**

No. 85–5366.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 12(6)
Jan. 6, 1986.

Decided March 5, 1986.

Rehearing and Rehearing En Banc
Denied April 17, 1986.

Jack B. Karlin, pro se.

Thomas W. Greelish, U.S. Atty., Newark, N.J., for plaintiff-appellee; Faith S. Hochberg, Asst. U.S. Atty., on brief.

Before WEIS, HIGGINBOTHAM, and BECKER, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

In this appeal from a criminal conviction, defendant for the first time asserts that prosecution was barred by the statute of limitations. Because it was not raised in the district court, we hold that the defense was waived. Therefore, we will affirm the judgment of the district court.

After a bench trial, defendant was found guilty of six counts of willful failure to file income tax returns. The court sentenced defendant to one year imprisonment on each count, suspended the term, and placed him on probation for five years. In addition, a fine of $10,000 was imposed on each count.

Defendant has appealed, contending that the district court lacked jurisdic- tion over him because he is not a "person" within the meaning of 26 U.S.C. § 7203. That section imposes an obligation to file a return on "any person" required to pay taxes. In the alternative, defendant argues that the court erred in failing to consider his good faith belief that he was not a person subject to prosecution under § 7203. These contentions are frivolous and require no discussion. *See United States v. Isenhower,* 754 F.2d 489 (3d Cir.1985); *United States v. Koliboski,* 732 F.2d 1328 (7th Cir.1984).

Defendant further asserts that Count 1 of the indictment charging failure to file a return for the 1977 taxable year falls outside the six-year statute of limitations. Therefore, he contends, the district court lacked jurisdiction over that count. Defendant did not make this argument below and raises it here for the first time. The government insists that the defendant's objection is untimely because the statute of limitations is an affirmative defense that will be deemed waived if not asserted at or before trial.

Section 6531 of the Internal Revenue Code provides that "no person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted" within six years of the commission of the offense of willfully attempting to evade the payment of taxes. Since count 1 was filed after the statute of limitations had run, the issue is whether the defendant's conviction on that count is valid nevertheless.

In the criminal law field, the statute of limitations provides that a person shall not be prosecuted after a specified period of time. The argument thus follows that once the limitations period has elapsed a court is precluded from exercising jurisdiction. Two courts of appeals have adopted this approach. *See Waters v. United States,* 328 F.2d 739 (10th Cir.1964); *Benes v. United States,* 276 F.2d 99 (6th Cir.1960).

In *Waters,* the court said that in criminal cases, the statute of limitations "is not a mere limitation upon the remedy, but a

limitation upon the power of the sovereign to act against the accused." 328 F.2d at 743. The statute restrains the power to prosecute, and is therefore jurisdictional and noticeable for the first time on appeal. *Id.*

The views expressed in *Waters* are contrary to those articulated by the majority of the courts of appeals. The Second, Fourth, Seventh, Ninth, and D.C. Circuits have held that the running of the statute of limitations does not defeat jurisdiction and that failure to assert the statute will constitute a waiver. *See United States v. Meeker*, 701 F.2d 685 (7th Cir.1983) (statute of limitations an affirmative defense that may be waived); *United States v. Walsh*, 700 F.2d 846, 855 (2d Cir.1983) ("statute of limitations is an affirmative defense, ... not cognizable on appeal unless properly raised below"); *United States v. Williams*, 684 F.2d 296 (4th Cir.1982) (statute of limitations is not jurisdictional, but an affirmative defense that may be waived); *United States v. Akmakjian*, 647 F.2d 12 (9th Cir. 1981) (accused may waive the defense); *United States v. Wild*, 551 F.2d 418 (D.C. Cir.1977) (statute is an affirmative defense that may be waived).

In an extradition proceeding, the Supreme Court stated, "The statute of limitations is a defense and must be asserted on the trial by the defendant in criminal cases." *Biddinger v. Commissioner of Police*, 245 U.S. 128, 135, 38 S.Ct. 41, 43, 62 L.Ed. 193 (1917). *See United States v. Cook*, 17 Wall. 168, 178, 84 U.S. 168, 178, 21 L.Ed. 538 (1872). *See also* 1 Wright & Miller, *Federal Practice & Procedure* § 193 (2d ed. 1982); 8 Moore's *Federal Practice* ¶ 12.03[2] (1985). Note, *Waiver of the Statute of Limitations in Criminal Prosecutions*, 90 Harv.L.Rev. 1550 (1977); Comment, *The Statute of Limitations in a Criminal Case: Can it be Waived?* 18 Wm. & Mary L.Rev. 823 (1977).

This court's opinions have created some uncertainty as to which position we have adopted. In *United States v. Waldin*, 253 F.2d 551 (3d Cir.1958), the petitioner contended for the first time in his petition for rehearing that the running of the statute barred the criminal prosecution. The court rejected that argument, and noted that "There is good authority which holds that this objection comes too late when presented at this stage." *Waldin*, 253 F.2d at 558 (In banc—Three judges dissented).

*United States v. Levine*, 658 F.2d 113 (3d Cir.1981), held that a pretrial order denying dismissal of certain counts on statute of limitations grounds was not appealable. The defendant had executed a pre-indictment stipulation waiving the statute of limitations. We commented that "While the limitations defense may be waived if not asserted before or at trial, the converse—that once raised and rejected it is not subject to reexamination by the trial court—simply does not hold." *Id.* at 121. The tenor in that opinion was in harmony with the earlier *Waldin* case but was inconsistent with the jurisdictional theory advocated in the *Waters* case.

Some doubt has been created by language employed in *United States v. Hankin*, 607 F.2d 611 (3d Cir.1979), a case decided two years before *Levine*, but not cited there. *Hankin* held that the prosecution had failed to meet its burden of proof that the alleged criminal conduct occurred within the applicable limitations period. Although not necessary to the decision, the opinion stated that "the remedy for failure to bring an action within the statute of limitations is a bar to the right of prosecution", and cited favorably the *Waters* and *Benes* decisions. That language is somewhat inconsistent with *Levine* and *Waldin*.

However, the docket sheets in *Hankin* reveal that the statute of limitations defense was raised and pressed in the district court. Consequently, that case did not resolve the question whether the failure to raise the limitations issue at trial amounts to a waiver.

▮ After carefully reviewing the relevant authorities, we join the majority of the courts of appeals. We hold that in criminal cases the statute of limitations does not go to the jurisdiction of the court but is an affirmative defense that will be

considered waived if not raised in the district court before or at trial. We therefore conclude that in this case the defendant's failure to assert the defense as to Count 1 amounted to a waiver.

Accordingly, the judgment of the district court will be affirmed.