No. 63,346

STATE OF KANSAS, *Appellant* v. KENNETH RAY NOAH, *Appellee.*

(788 P.2d 257)

Opinion filed March 2, 1990.

*John R. Stanley*, special prosecutor, of Syracuse, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellant.

*Jessica R. Kunen*, chief appellate defender, argued the cause, and *Karen E. Mayberry*, assistant appellate defender, was with her on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: The State of Kansas appeals from an order of the district court dismissing a complaint charging Kenneth Ray Noah with one count of indecent liberties with a child (K.S.A. 1985 Supp. 21-3503). The district court held the prosecution was barred

by the two-year statute of limitations in effect at the time of the alleged offense. K.S.A. 21-3106(2) (Ensley 1981).

The defendant was originally charged in a complaint filed January 14, 1986. The acts constituting the offense occurred on November 23, 1985. On February 19, 1986, the defendant pled guilty to the charge and was subsequently sentenced on March 5, 1986. On May 14, 1987, defendant filed a motion pursuant to K.S.A. 60-1507 which was denied May 21, 1987. Following a denial of a motion for rehearing, the defendant appealed on June 10, 1987. In an unpublished opinion, No. 61,324, filed January 11, 1988, the Court of Appeals summarily reversed defendant's conviction based upon a jurisdictional defect in the complaint. Thereafter, a new complaint was filed on September 19, 1988, again alleging that the crime occurred on November 23, 1985. Defendant does not deny that he committed the crime or that it took place on the stated date.

On November 2, 1988, defendant sought dismissal, contending that his prosecution was barred by the two-year statute of limitations in effect at the time he allegedly committed the offenses, K.S.A. 21-3106(2) (Ensley 1981). He contends that, as the crime occurred on November 23, 1985, more than two years had expired before the filing of the September 1988 complaint. The State responded that the five-year statute of limitations (K.S.A. 1986 Supp. 21-3106[2]), which became effective July 1, 1986, applied. The district court held that the statute of limitations was substantive, not procedural, and that the five-year statute could not be applied retroactively in this case.

The identical issue now before this court was decided adversely to the defendant in *State v. Nunn*, 244 Kan. 207, 768 P.2d 268 (1989). In *Nunn*, we held:

"Statutes of limitation are measures of public policy entirely subject to the will of the legislature." Syl. ¶ 7.

"While it is a general rule of statutory construction that a statute will operate prospectively unless its language clearly indicates the contrary, the rule is modified where the statutory change is merely procedural or remedial in nature and does not affect the substantive rights of the parties." Syl. ¶ 8.

"As related to criminal law and procedure, substantive law is that which declares what acts are crimes and prescribes the punishment therefor; whereas procedural law is that which provides or regulates the steps by which one who violates a criminal statute is tried and punished." Syl. ¶ 9.

"Criminal statutes of limitation are remedial or procedural, not substantive, and may be applied retroactively." Syl. ¶ 10.

"Where a statute extends the period of limitation, the extension applies to offenses not barred on the effective date of the amendment so that a prosecution may be commenced at any time within the newly established period. Such an amendment, however, cannot operate to revive offenses that were barred at the time of its effective date, since that would make the statute ex post facto." Syl. ¶ 11.

Defendant here raises additional arguments which were not asserted in *Nunn* and asks that we reverse *Nunn*. Defendant relies upon the comments of the Kansas Judicial Council and K.S.A. 21-3102(4) in asserting that it was the clear intention of the legislature that criminal statutes of limitation are substantive and prospective only in their application. K.S.A. 21-3102(4) provides:

"This code has no application to crimes committed prior to its effective date. A crime is committed prior to the effective date of the code if any essential elements of the crime as then defined occurred before that date. Prosecutions for prior crimes shall be governed, prosecuted, and punished under the laws existing at the time such crimes were committed."

It is argued that the last sentence of the foregoing section of the statute applies to subsequent amendments to the criminal code as well as to the original adoption of the code in 1970. We do not agree. When the entire subsection is read in context it appears clear that it refers to crimes committed prior to July 1, 1970, the effective date of the criminal code. Whether subsequent amendments apply to crimes committed prior to the date of amendment depends upon the particular amendment and statute involved.

Next, defendant argues that the Judicial Council notes to K.S.A. 21-3106 clearly reveal the substantive nature of the statute. The notes provide:

"The former Kansas statutes of limitations were treated as procedural and were contained in Article V of Chapter 62. Since the former statutes effectively limit the conditions under which penal liability may be imposed, it seems appropriate to include them in the chapter defining substantive rights and liabilities. The practice in other codes is not uniform. The Model Penal Code, Illinois and New Mexico, include statutes of limitations in the substantive codes. Minnesota and Wisconsin do not."

While it is true that the notes and comments of the Judicial Council may be one indication of legislative intent, they do not

have the force and effect of law and are advisory only. The inclusion of the statutes of limitation in chapter 21, the Kansas Criminal Code, rather than in chapter 22, the Kansas Code of Criminal Procedure, is not conclusive on the substantive versus procedural nature of the statutes. The actual scope and effect of the statute is controlling rather than its location in the statute book. As we recognized in *Nunn*, there is a split of authority on the question of whether changes in the length of a criminal statute of limitations are procedural or substantive. We adhere to our decision in *Nunn* that in Kansas a criminal statute of limitations is procedural and an amendment of the statute may be applied to criminal acts occurring prior to the date of the amendment if the crimes charged have not been time barred prior to that date.

The rationale for the determination that criminal statutes of limitation are procedural rather than substantive was clearly stated in *State v. Ferrie*, 243 La. 416, 144 So.2d 380 (1962), where the defendant claimed that he had a "substantial right" not "merely a procedural right" to have the statute of limitations at the time of the offense control. Thus, the Louisiana Supreme Court considered whether "the amendment of the statute of limitations increasing the time involved during which the prosecution may be instituted deprived the accused of a substantial right." 243 La. at 425. The court found no such right and observed:

"[O]riginally at common law there was no time limitation barring criminal prosecutions. *People v. Bailey*, 103 Misc. 366, 171 N.Y.S. 394. However, statutory limitations generally prevail in most states today. They have been considered to be statutes of repose as in civil matters; as acts of grace of the sovereign surrendering its right to prosecute in criminal matters; as acts of amnesty declaring that the offender may cease to preserve his proof of innocence after the time limit has passed; or as recognition by the state that time gradually wears out evidence of innocence. *People v. Ross*, 325 Ill. 417, 156 N.E. 303; *People v. Guariglia*, 187 Misc. 843, 65 N.Y.S.2d 96; cf. dissent in *State v. Gehlbach*, 205 La. 340, 17 So. 2d 349. See Expose des Motifs No. 6, Louisiana State Law Institute, Code of Criminal Procedure Revision, 'Title XVII, Time Limitations.'

"It has also been said in justification of such statutes that they curb the power of the state to hold over a person's head the threat of prosecution for a long period of time. *State v. Theard*, 203 La. 1026, 14 So. 2d 824. The protection accorded the accused against being forced to trial for an offense has been called a valuable right. *State v. Sullivan*, 159 La. 589, 105 So. 631.

. . . .

"In 22 C.J.S. Criminal Law, ¶ 224, it is said:

'Since enactments limiting the time for the prosecution of offenses are measures of public policy only, and are entirely subject to the will of the legislature, they may be changed or repealed altogether in any case where a right to acquittal has not been absolutely acquired by the completion of the period of limitation; but where a complete defense has arisen under such a statute, it cannot be taken away by a subsequent repeal thereof.

'So, too, where a statute extends a period of limitation, or provides for the tolling thereof, it applies to offenses not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly established period although the original period of limitation had then expired; and such a statute is not invalid.'

. . . .

"As we understand this case the substantial rights of the accused had never vested, for the time limitation or prescription of the offense which was in effect at the date of the alleged commission of the offense had not fully run when the amendment became effective.

'Until the fixed period has arrived, the statute is a mere regulation of the remedy, and like other regulations, subject to legislative control; but afterward it is a defense, not of grace, but of right; not contingent but absolute and vested; and like other defenses, not to be taken away by legislative enactment.' *Moore v. State*, 43 N.J.L. 203, 39 Am. Rep. 558, 67 A.L.R. 306.

. . . .

"The rights of the accused and the State here may be likened to that of a person holding possession of land without a legally valid title and with the hope, by his possession, of acquiring title after the lapse of time prescribed by law unless a suit be instituted against him by the lawful owner to dispossess him. The right of the owner to institute suit to dispossess the usurper exists at all times until the period for perfecting title by that possession has fully accrued. If a suit be instituted to dispossess the possessor prior to the time prescription has fully accrued, the law considers that he has lost nothing. And so the State in criminal matters reserves the right to change the prescription or period of limitation of criminal offenses until it has accrued to the benefit of the accused. Until it has accrued, it can be said, the rights of the accused have not become vested and are subject to regulation or change.

. . . .

"No substantial right of the accused is affected by such a change, nor has the situation been changed to the disadvantage of the accused, for the time during which he may be prosecuted, not having run, deals only with the procedure attached to his conviction or acquittal. The penalty of the offense has not been changed to the disadvantage of the accused, the rules of evidence have not been amended, nor has the definition of the crime affecting the facts been altered in any way. What has been altered is a

procedural right, and no undue disadvantage to the accused results thereform for he has acquired no advantage until the period of limitation has run." 243 La. at 423-28.

Defendant also relies heavily upon *Waters v. United States,* 328 F.2d 739 (10th Cir. 1964), in asserting there is a clear distinction between civil and criminal statutes of limitation. Defendant relies upon the following passage from *Waters:*

"[I]f recognition of a distinction between the statute of repose in civil cases and the substantive bar in criminal cases is to have any meaning in the administration of criminal justice, the statute of limitations must be held to affect not only the remedy, but to operate as a jurisdictional limitation upon the power to prosecute and punish." 328 F.2d at 743.

Defendant's reliance on *Waters* is clearly misplaced. The case did not involve an amendment or change of the statute of limitations. In *Waters* the defendant was being prosecuted under a complaint filed after the existing statute of limitations had expired and the issue before the court was whether the assertion of the statute of limitations was an affirmative defense which must be raised by the defendant to avoid a waiver of the defense. The court, in *Waters,* found that the defendant's failure to raise the statute of limitations during trial did not waive his right to assert the bar of the statute of limitations for the first time on appeal as a jurisdictional question. On the issue which was before the court in *Waters,* see *Lowe v. State,* 14 Kan. App. 2d 119, 783 P.2d 1313 (1989).

Even if we were to conclude that *Waters* was relevant to the present determination, we note that it is a distinct minority view in the federal courts. Most of the circuits have found that the statute of limitations is not a jurisdictional bar to punishment and instead is an affirmative defense that is waived if not raised at the trial court. See *United States v. Karlin,* 785 F.2d 90, 92-93 (3rd Cir. 1986), *cert. denied* 480 U.S. 907 (1987) (specifically recognizing *Waters,* 328 F.2d 739, as being in the minority); *United States v. Meeker,* 701 F.2d 685, 688 (7th Cir.), *cert. denied* 464 U.S. 826 (1983); *United States v. Walsh,* 700 F.2d 846, 855-56 (2d Cir.), *cert. denied* 464 U.S. 825 (1983); *United States v. Williams,* 684 F. 2d 296, 299 (4th Cir. 1982), *cert. denied* 459 U.S. 1110 (1983); *United States v. Akmakjian,* 647 F.2d 12, 14 (9th Cir.), *cert. denied* 454 U.S. 964 (1981); *United States v.*

*Wild*, 551 F.2d 418, 422, 422-23 n.9 (D.C. Cir.), *cert. denied* 431 U.S. 916 (1977). Defense counsel, when questioned at oral argument, was unable to cite any other federal appellate court case or jurisdiction that has followed the *Waters* decision.

We conclude that our decision in *Nunn* was correct and is controlling of the issues in this case. We also pause to note that the trial judge did not have the benefit of our decision in *Nunn* at the time of his decision in this case.

The judgment is reversed and the case is remanded for further proceedings.