STATE OF NEBRASKA, APPELLEE, V. DANIEL ORLIN HIRSCH, SR., APPELLANT.

510 N.W.2d 534

Filed August 10, 1993.   No. A-92-611.

Glenn A. Shapiro, of Gallup & Schaefer, for appellant.

Don Stenberg, Attorney General, and Kenneth W. Payne for appellee.

CONNOLLY, HANNON, and MILLER-LERMAN, Judges.

CONNOLLY, Judge.

This appeal arises from the conviction of the appellant, Daniel Orlin Hirsch, Sr., for first degree sexual assault on a child. The trial court overruled Hirsch's demurrer alleging that the prosecution was barred by the applicable statute of limitations. We reverse in part, and in part vacate and remand with directions.

## FACTS

On February 27, 1991, the State filed an information directly in district court charging Hirsch with first degree sexual assault on a child, pursuant to Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1989). The information alleged that Hirsch had sexually assaulted his daughter on or about August 25 through December 31, 1986, during which time period the statute of limitations in effect for first degree sexual assault was 3 years. See Neb. Rev. Stat. § 29-110 (Reissue 1985). Hirsch filed a demurrer pursuant to Neb. Rev. Stat. § 29-1810 (Reissue 1989) on grounds that the prosecution was "barred by the provisions of Section 29-110 of the Nebraska Statutes as Revised." The demurrer was overruled, Hirsch pled not guilty, and the case was tried to a jury. Hirsch was found guilty as charged and was sentenced to a prison term of 5 to 7 years.

## ASSIGNMENTS OF ERROR

We reach only one of Hirsch's assignments of error, as it is dispositive of this appeal. Hirsch argues that the trial court erred in overruling the demurrer and taking jurisdiction of the case, because the applicable statute of limitations had run.

## STANDARD OF REVIEW

When a jurisdictional question does not involve a factual dispute, determination of the jurisdictional question is a matter of law. *Williams v. Gould, Inc.*, 232 Neb. 862, 443 N.W.2d 577 (1989). Statutory interpretation is a matter of law on which an appellate court must reach a conclusion independent of that of the trial court. *In re Estate of Watkins*, 243 Neb. 583, 501 N.W.2d 292 (1993).

## ANALYSIS

At the time Hirsch allegedly committed the sexual assault, from August 25 through December 31, 1986, the crime of first degree sexual assault was subject to a 3-year statute of limitations period. See § 29-110 (Reissue 1985). In 1989, the Nebraska Legislature amended § 29-110 and changed the limitations period for first degree sexual assault to 5 years. See § 29-110 (Reissue 1989). The 5-year limitations period became effective August 25, 1989. There was no language in the

amended version of § 29-110 indicating that the 5-year limitations period should be applied retroactively.

The question presented is whether the enactment of the 5-year limitations period in 1989 effectively extended the statute of limitations for sexual assaults committed before the 5-year limitations period took effect. We have not found Nebraska case law directly on point. Some jurisdictions have found that despite the absence of language calling for retroactive application, an amended criminal statute of limitations may be applied to acts committed prior to the effective date of the amendment, so long as the crime charged is not time barred. See, *State v. Johnson*, 158 Vt. 344, 612 A.2d 1114 (1992); *Gallardo v. State*, 768 S.W.2d 875 (Tex. Crim. App. 1989); *State v. Creekpaum*, 753 P.2d 1139 (Alaska 1988); *State v. Hodgson*, 108 Wash. 2d 662, 740 P.2d 848 (1987); *People v. Whitesell*, 729 P.2d 985 (Colo. 1986). Many of the courts favoring this approach have done so on grounds that statutes of limitations are procedural in nature and do not raise ex post facto concerns. See, *People v Russo*, 439 Mich. 584, 487 N.W.2d 698 (1992); *State v. Casaretto*, 818 S.W.2d 313 (Mo. App. 1991); *People v Chesebro*, 185 Mich. App. 412, 463 N.W.2d 134 (1990); *State v. Noah*, 246 Kan. 291, 788 P.2d 257 (1990); *People v. Sweet*, 207 Cal. App. 3d 78, 254 Cal. Rptr. 567 (1989); *Commonwealth v. Bargeron*, 402 Mass. 589, 524 N.E.2d 829 (1988); *Holland v. Dist. Court, Douglas Cty., Colo.*, 831 F.2d 940 (10th Cir. 1987). Other jurisdictions have rejected the proposition that statutes of limitations are merely procedural in nature and, instead, have held that the retroactive application of an amended criminal statute of limitations raises ex post facto concerns. Courts favoring this approach have held that an amended statute of limitations cannot be applied to an act committed prior to the effective date of the amended limitations period. See, *Morgan v. State*, 847 S.W.2d 538 (Tenn. Crim. App. 1992); *State v. Hersch*, 445 N.W.2d 626 (N.D. 1989); *State v. Shamp*, 422 N.W.2d 736 (Minn. App. 1988), *rev'd on other grounds* 427 N.W.2d 228 (Minn.); *Kirby v. State*, 500 So. 2d 79 (Ala. Crim. App. 1986); *State v. Merolla*, 100 Nev. 461, 686 P.2d 244 (1984).

As indicated by the case law cited immediately above, there is

a split in the jurisdictions on this question. Criminal statutes of limitations are considered procedural in nature in Oklahoma, but that state also has a criminal statute which prohibits retroactive application of criminal procedure statutes unless otherwise specifically provided. See *State v. Watkins*, 837 P.2d 477 (Okla. Crim. App. 1992). There have been conflicting rulings on this question within the same jurisdiction. See *Com. v. Harvey*, 374 Pa. Super. 289, 542 A.2d 1027 (1988) (when a new period of limitations is enacted before the prior period of limitations has expired, in the absence of language to the contrary, the period of time accruing under the prior statute of limitations shall be applied to calculation of the new period of limitations). But see *Com. v. Atwood*, 411 Pa. Super. 137, 601 A.2d 277 (1991) (the statute of limitations in effect on the date the alleged fraud occurred is applicable, rather than the statute of limitations as it was subsequently amended).

*Abboud v. Lakeview, Inc.*, 223 Neb. 568, 391 N.W.2d 575 (1986), is representative of a line of civil cases in which the Nebraska Supreme Court has held that statutes of limitations are procedural in nature. But cf. *Knoell v. Huff*, 224 Neb. 90, 395 N.W.2d 749 (1986) (compliance with the statute of limitations of the Securities Act of 1933 is a substantive, rather than a procedural, matter). The court has also held that in both civil and criminal proceedings, the procedural rules applied are those in effect at the time of the proceeding and not those in effect when the particular act or violation was alleged to have taken place. See *Pflasterer v. Omaha Nat. Bank*, 201 Neb. 427, 268 N.W.2d 104 (1978). In criminal cases, though, the court has stated that an essential element of any crime is proof by the State that the crime was committed within the applicable limitations period, *State v. Nuss*, 235 Neb. 107, 454 N.W.2d 482 (1990), which suggests to us that statutes of limitations take on a substantive character in criminal cases. The court has also stated that in a criminal case, the statute of limitations should be liberally construed in favor of the defendant. *Id*. Finally, it is well settled in Nebraska law that a legislative act operates only prospectively and not retrospectively unless the legislative intent and purpose that it should operate retrospectively is clearly disclosed. See, *Young v. Dodge Cty. Bd. of Supervisors*, 242 Neb. 1, 493 N.W.2d 160 (1992); *State v. Von Dorn*, 234

Neb. 93, 449 N.W.2d 530 (1989). For these reasons, we believe Nebraska falls into the category of jurisdictions that do not permit the application of an amended criminal statute of limitations to an act committed prior to the effective date of the amended statute of limitations unless the amended version of the statute of limitations contains language calling for retroactive application.

The amended version of § 29-110 took effect August 25, 1989. First degree sexual assaults committed on or after that date were subject to the 5-year limitations period. However, because there was no clause in the amended version of § 29-110 calling for retroactive application of the 5-year limitations period, offenses committed before August 25, 1989, remained subject to the 3-year limitations period. Thus, the offense allegedly committed by Hirsch was subject to the 3-year limitations period. That period had run more than 1 year before the State filed the information against Hirsch in February 1991.

The State points out that the Legislature again amended § 29-110 in 1990. At that time, the limitations period for first degree sexual assault was extended to 7 years, and the Legislature included a provision calling for the retroactive application of the 7-year limitations period. The changes became effective April 15, 1990. See § 29-110 (Cum. Supp. 1992). While the Legislature has the power to enact retroactive changes in a statute of limitations, it cannot remove a bar or limitation which has already become complete. See *Grand Island School Dist. #2 v. Celotex Corp.*, 203 Neb. 559, 279 N.W.2d 603 (1979). The 1990 amendment of § 29-110 did not revive the opportunity to prosecute Hirsch, because in 1990 the prosecution of Hirsch was time barred. The limitation to the prosecution of Hirsch had become complete by the time the retroactive 7-year limitations period took effect in April 1990.

We reverse the judgment of the trial court overruling Hirsch's demurrer and vacate the judgment of conviction and the sentence entered in the trial court. We remand this cause to the trial court with directions to sustain the demurrer and dismiss the information.

REVERSED IN PART, AND IN PART VACATED
AND REMANDED WITH DIRECTIONS.