19 F.3d 19
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James J. BROOKBANK, Defendant-Appellant.
 Nos. 93-3700, 93-4021.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1994.
 
 Before: NELSON and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 James J. Brookbank appeals pro se the district court judgment affirming his conviction of two counts of failure to make income tax returns and the district court's order denying his motion for a new trial. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Brookbank was convicted following a jury trial before a magistrate judge of two counts of failing to make income tax returns, for 1983 and 1984. He received a sentence of one year of imprisonment on each count, to run concurrently. The sentence was suspended in favor of two years of probation including 100 hours of community service and a requirement to file proper returns for the years in question by December 15, 1991. Brookbank refused to file the returns, and his probation was revoked. The district court stayed his sentence pending appeal. The district court judge affirmed the conviction on appeal, from which judgment Brookbank appeals in Case No. 93-3700. The district court also denied Brookbank's motion for a new trial, from which order he appeals in Case No. 93-4021.
 
 
 3
 In Case No. 93-3700, Brookbank argues that the information in his case was illegal, did not vest jurisdiction in the district court, and failed to charge an offense. He also claims that the evidence was insufficient to support his conviction, the jury instructions were erroneous, and he received ineffective assistance of counsel. We first note that objections based on defects in the information must be raised prior to trial, and Brookbank did not raise the issue at that time. Fed.R.Crim.P. 12(b). Moreover, the district court has jurisdiction over crimes against the United States pursuant to 18 U.S.C. Sec. 3231. The information in this case charged Brookbank with violating 26 U.S.C. Sec. 7203. Brookbank was a person required to make a tax return under 26 U.S.C. Sec. 6012, as he received income during the years in question as defined in 26 U.S.C. Sec. 63(d). His argument to the contrary is frivolous and requires no further discussion. See United States v. Karlin, 785 F.2d 90, 91 (3d Cir.1986), cert. denied, 480 U.S. 907 (1987).
 
 
 4
 Brookbank's remaining claims of insufficient evidence, erroneous jury instructions and ineffective assistance of counsel are all derivative of the above frivolous issue and therefore are meritless. Although the counsel appointed for purposes of appeal to the district court judge raised several other more arguable issues below, Brookbank has abandoned those issues on appeal to this court, and they will therefore not be reviewed. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 5
 In Case No. 93-4021, Brookbank appeals the denial of his "motion for a competency hearing" in which he challenged the effectiveness of his appointed trial counsel and asked for relief in the form of a new trial. It is concluded that the district court properly construed this motion as one for a new trial and denied it as untimely under Fed.R.Crim.P. 33.
 
 
 6
 Accordingly, both the judgment affirming Brookbank's conviction and the order denying his motion for a new trial are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.