444 F.2d 95
 Angel Roberto MILLAN-DIAZ, Appellant,
v.
J. J. PARKER, Warden, Lewisburg Federal Penitentiary, Lewisburg, Pennsylvania.
Anthony M. BAGGIO, Appellant,
v.
J. J. PARKER, Warden, United States Penitentiary.
Salvatore A. APARO, Appellant,
v.
J. J. PARKER, as Warden of United States Penitentiary, Lewisburg, Pennsylvania.
 No. 19235.
 No. 19248.
 No. 19506.
 United States Court of Appeals, Third Circuit.
 Submitted May 17, 1971.
 Decided June 14, 1971.
 
 Angel Roberto Millan-Diaz, pro se.
 Anthony M. Baggio, pro se.
 Salvatore Aparo, pro se.
 Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa. (S. John Cottone, U. S. Atty., Scranton, Pa., on the brief), for appellee.
 Before SEITZ, VAN DUSEN and ADAMS, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 Alleging that they are being held in custody in the United States Northeastern Penitentiary at Lewisburg, Pa., in violation of the Constitution or laws of the United States (see 28 U.S.C. § 2241(c) (3)), relators have appealed from district court orders denying petitions for writs of habeas corpus for lack of subject matter jurisdiction because relators are serving federal sentences imposed by district courts in Texas, New Jersey and New York, and they have not shown that "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Relators contend in their brief that, if the terms of 28 U.S.C. § 2255 are construed to deny them relief, such construction violates the second clause of Article I, Section 9, of the Constitution, which provides:
 
 
 2
 "The Privilege of the Writ of Habeas Corpus shall not be suspended, * * *"
 
 
 3
 This contention has been consistently rejected by this court, United States v. Anselmi, 207 F.2d 312, 314 (3d Cir. 1953), and other federal courts. See Cantu v. Markley, 353 F.2d 696, 698 (7th Cir. 1965), and cases there cited.
 
 
 4
 Although relator Millan-Diaz alleges in his complaint filed in June 1970 that the remedy by motion under 28 U. S.C. § 2255 is "ineffective and inadequate" because no action had been taken on such a motion filed by him in the United States District Court for the District of New Jersey in July 1969 (Civil No. 906-69), the record in that proceeding shows that the motion was denied by order of February 24, 1971, entered on the docket on March 1, 1971, and no appeal was taken from such denial.
 
 
 5
 Also, relator Baggio contends that the remedy under 28 U.S.C. § 2255 is "inadequate" and hence has not been pursued by him since the court in which he was sentenced will not consider his allegation that he did not know that he would not be eligible for parole if committed as the result of his guilty plea to Count 2 of the indictment (68 Cr. 256 in the United States District Court for the Southern District of New York).[1] Concerning a similar challenge to legal rules applied in the Second Circuit, this court said recently (In the Matter of Galante,[2] 437 F.2d 1164, 1165-1166 (3d Cir. 1971)):
 
 
 6
 "The cited cases explicitly hold that Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence in first instance.
 
 
 7
 "Section 2255 requires a federal prisoner to exhaust his remedies in the sentencing court and in the Court of Appeals for the circuit in which that court is located, and to apply to the Supreme Court for certiorari from a denial of such remedies, * * *
 
 
 8
 * * * * * *
 
 
 9
 "Anent Galante's contention that a Section 2255 application in the sentencing court would afford him an `inadequate and ineffective remedy,' we specifically said in Leguillou at pages 683-684 [United States ex rel. Leguillou v. Davis, 212 F.2d 681, 3 Cir.] that `doubts about its administration in a particular case' does not make the remedy `inadequate or ineffective.'
 
 
 10
 "Here Galante seeks by his habeas corpus petition to make a collateral attack on legal standards in effect in the Second Circuit. We cannot give santion to such attack."
 
 
 11
 Finally, relator Aparo contends that relief by motion under 28 U.S.C. § 2255 is unavailable to him in the United States District Court for the Western District of Texas, but the record in that court (#SA-69-CA-401) shows that his motion was initially denied on December 22, 1969, and an application to reconsider such denial was denied on January 20, 1970. A notice of appeal has never been filed in that proceeding.
 
 
 12
 The district court orders[3] from which these appeals have been taken will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 We note that, in United States v. Caruso, 280 F.Supp. 371 (S.D.N.Y.1967), aff'd sub. nom. United States v. Mauro, 399 F.2d 158 (2d Cir. 1968), which is relied on by relator to prove that absence of knowledge that there is no parole eligibility for a defendant at the time of his plea is no ground for relief in the Second Circuit under 28 U.S.C. § 2255, the court stated, in denying a motion under 28 U.S.C. § 2255, at page 375: "His affidavit has not changed this court's original conclusion, admittedly shared by his trial counsel, that [defendant] knew full well at the time he pled guilty that he would not be eligible for parole." Furthermore, in theCaruso case, the defendant pleaded guilty to ten separate counts, on each of which he knew the minimum sentence was five years, whereas relator Baggio entered a plea to a single count for which the minimum sentence was five years, so that that case would be easily distinguishable from relator's situation as described in his district court pleadings.
 
 
 [2]
 There is nothing in United States v. Vasilick, 206 F.Supp. 195 (M.D.Pa. 1962), relied on by relators, which is inconsistent with the very recentGalante decision.
 
 
 [3]
 Order of June 19, 1970 in H.C. #1230, M.D.Pa., as to relator in No. 19,234, order of June 11, 1970, in H.C. #1171, M.D.Pa., as to relator in No. 19,248, and order of March 16, 1970, in H.C. #1170, M.D.Pa. (motion to reconsider denied on May 15, 1970) as to relator in No. 19,508