**Howard PAGE, Appellant,**

v.

**UNITED STATES of America.**

**No. 71–1557.**

United States Court of Appeals, Third Circuit.

Submitted May 5, 1972.

Decided June 28, 1972.

---

Howard Page, pro se.

William Braniff, Asst. U. S. Atty., Newark, N. J., for appellee.

Before VAN DUSEN, JAMES ROSEN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

JAMES ROSEN, Circuit Judge.

Appellant Howard Page was indicted with two codefendants for his participation in an armed robbery of a federally insured savings and loan association. The three-count indictment charged the defendants with violations of 18 U.S.C. § 2113(a), (b) and (d)—carrying maximum prison sentences of 20 years, 10 years and 25 years, respectively. All defendants pleaded guilty to the second count which carried a maximum sentence of $5000. fine and imprisonment for a 10 year period. Appellant received a 7 year sentence, while defendants Hagood and Dupree received 4 and 3 year sentences, respectively.

▉ This appeal challenges the dismissal without a hearing of appellant's 28 U.S.C. § 2255 petition for correction and reduction of sentence. A section 2255 motion is addressed to the discretion of the trial judge in the first instance, and where the record affirmatively indicates that the claim for relief is without merit, a refusal to hold a hearing will not be deemed an abuse of such discretion. Brisco v. United States, 368 F.2d 214 (3d Cir.1966); Diamond v. United States, 432 F.2d 35, 37, 39 (9th Cir.1970); Smith v. United States, 431 F.2d 565 (5th Cir.1970); Poole v. United States, 438 F.2d 325, 326 (8th Cir. 1971).

▉▉ The sentence received by Page was within the statutory limits. We note that appellant had initially entered a plea of not guilty, but later retracted this plea and substituted a plea of guilty.[1] Judge Shaw made an exhaustive inquiry to insure that Page's plea was voluntarily and intelligently made. Nothing is present in the record to support the allegations of ineffective assist-

1. At the sentencing hearing, Page admitted that when he was apprehended, he had in his possession fifty-two hundred of the eleven thousand dollars taken from the bank.

ance of counsel at the sentencing stage. See Moore v. United States, 432 F.2d 730, 736 (3d Cir.1970).[2] Appellant was given the right to speak in his own behalf. F.R.Crim.P. Rule 32(a). He had raised "substantially similar" grounds for reduction of sentence in a prior § 2255 petition which was dismissed on March 19, 1970. Despite this prior adjudication, the court entertained Page's successive motion, noting however that "[t]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 28 U.S.C. § 2255. See also Langston v. United States, 310 F.Supp. 147 (W.D.Pa.1970).

■ Appellant was not denied due process because Judge Coolahan presided at Page's sentencing and also ‘entertained the § 2255 motion. See Odom v. United States, 455 F.2d 159 (9th Cir. 1972).

■ Finally, we reject appellant's disparity argument, i.e. the sentences of seven, four and three years imposed were so greatly disparate as to be completely arbitrary and shocking. Sentencing is primarily the responsibility of a trial judge. In Rodriguez v. United States, 394 F.2d 825 (5th Cir.1968), the court offered these observations on appellate review of sentences imposed on co-defendants:

"The question of appellate review of sentencing has recently received much advocacy as a needed reform to prevent unjustifiable disparities in the sentences meted to co-defendants. The arguments pro and con for such a review have almost universally been left to the legislative branch of government. Appellate courts have generally refused to disturb the trial court's discretion in this matter unless the punishment is so disproportionate

---

2. Appellant claims that his attorney made no effort to mitigate his punishment. More specifically, it is claimed that "he failed to protect his client from false information which evolved from his co-defendant, Robert Lee Hagood, inasmuch as said attorney did not make (a) motion to examine the Pre-Sentence Investigation Report and to challenge any false assertions that might be therein contained." Additionally, he claims that defense counsel made no motion for probation. Opinion and order of district court, Civil Action No. 323–71, April 8, 1971.

In support of the false information claim, a certified copy of an affidavit was submitted with the § 2255 petition, executed by a "girl friend" of the appellant, which relates to a conversation between her and one of Page's accomplices, Edward Dupree. Dupree allegedly told the affiant that it was Robert Hagood and not Page who supplied the weapons used in the robbery, and that Hagood played a significant role in the planning of the robbery. The significance of this conversation is minimal, in light of the fact that count 2, to which Page pleaded guilty, does not charge the use of dangerous weapons in the commission of the bank robbery. Any attempt by the appellant, a high school graduate, to reduce his role in the robbery must be viewed in light of his own admissions made at the retraction and sentencing hearings. At both hearings, he was asked whether he had sufficient opportunity to confer with counsel and was satisfied with the representation provided him. On each occasion he gave an affirmative response. He admitted committing the crime with which he was charged, and to which he pleaded. He was put on notice that by tendering a plea of guilty to count 2 he was exposing himself to a maximum ten year sentence and $5,000 fine. He denied receiving any promises of leniency. Appellant admitted that it was he who "took off" with the money from the bank robbery. The picture presented by the record is that of a fully informed defendant, acting pursuant to a conscious and deliberate choice to plead to the second count of a three count indictment in return for the dismissal of the first and third counts, which carried maximum sentences of twenty and twenty-five years respectively. Against the "spectre" of false information suggested by the appellant there is the isolated comment by Judge Coolahan in the transcript of sentence that "Well, you were the one, Mr. Page, who took off with the money in this case." A trial judge, in passing sentence, may express his appraisal of the conduct of the defendant before him. Simmons v. United States, 302 F.2d 71 (3d Cir. 1962); Jordan v. United States, 370 F.2d 126 (10th Cir. 1966), cert. den. 386 U.S. 1033, 87 S.Ct. 1484, 18 L.Ed.2d 595 (1967), reh. den. 388 U.S. 924, 87 S.Ct. 2110, 18 L.Ed.2d 1379 (1967). We cannot glean any error or prejudice in this solitary comment by Judge Coolahan.

to the offense committed and to the sentences received by co-defendants 'as to be completely arbitrary and shocking to the sense of justice and thus to constitute cruel and unusual punishment in violation of the Eighth Amendment.' "

Cf. United States v. Harbolt, 455 F.2d 970 (5th Cir. 1972). A sentence within the statutory limits is not cruel and unusual punishment. United States v. Wallace, 269 F.2d 394 (3d Cir.1959); Martin v. United States, 327 F.Supp. 126 (W.D.Pa.1971). Absent a showing of illegality or abuse of discretion, a sentence imposed within the statutory maximum will not be disturbed on appeal. United States v. Fessler, 453 F.2d 953 (3d Cir.1972). The record in this case reveals neither an abuse of discretion or illegality in either the manner or length of sentence.

The order of the district court will be affirmed.