**Michael TACCETTA, Petitioner,**

**v.**

**UNITED STATES of America, Respondent.**

**Civil Action No. 97–2139(AJL).**

United States District Court,
D. New Jersey.

July 25, 1997.

Attorney, Office of the United States Attorney, Newark, NJ, for U.S.

## OPINION

LECHNER, District Judge.

Petitioner Michael Taccetta ("Taccetta"), presently incarcerated at the United States Penitentiary in Atlanta, Georgia, brings this petition for a writ of habeas corpus (the "Habeas Petition"), pursuant to 28 U.S.C. § 2255, as well as a request for an evidentiary hearing ("Request for an Evidentiary Hearing").[1] For reasons set forth below, the Request for an Evidentiary Hearing is denied. The Habeas Petition is dismissed; there is no probable cause for appeal.

*Facts*

A. *Background*

Taccetta and eight other persons were indicted on 29 December 1992 by a Federal grand jury and charged in an eighty-four count indictment ("Indictment") with violations of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, ("RICO") and related offenses. *See* Indictment; Opposition Brief at 1. Taccetta was indicted on Federal racketeering, extortion, bribery, money laundering, mail fraud and related charges regarding a fraudulent billing and kickback scheme involving the City of Newark, Division of Sanitation ("Division of Sanitation"). Opposition Brief at 1–2. The Indictment also charged Taccetta and five of the defendants with racketeering in a similar scheme involving maintenance and security service companies. *Id.* The matter was captioned *United States v. Salvatore Juliano, et al.*, 92–723(AJL).

Trial was scheduled to begin on 7 September 1993. *Id.* The day before jury selection, three defendants entered guilty pleas pursuant to cooperation agreements. Following jury selection, the remaining six defendants

Thomas A. Cataldo, Morris Plains, NJ, for Petitioner.

Faith Hochberg, United States Attorney, Colette Buchanan, Assistant United States

1. In support of the Habeas Petition, Taccetta submitted: Memorandum of Law in Support of Movant's Collateral Challenge to Entry of Guilty Plea on Count Two of the Information, Pursuant to 28 U.S.C. § 2255 ("Moving Brief"), with Exhibits A through F attached; Letter Brief in Response to the Government's Opposition ("Reply Brief").

In opposition to the Habeas Petition, the United States (the "Government") submitted: Letter Brief in Opposition to the Habeas Petition ("Opposition Brief"), with Exhibit 1 attached.

entered into plea discussions with the United States. *Id.*

### B.  *The Plea Agreement*

On 20 September 1993, pursuant to a plea agreement ("Plea Agreement"), Taccetta pleaded guilty to a two count superseding information ("Information").  *See* Information, attached as Exhibit B to Moving Brief; Transcript of Plea Proceedings ("Plea Tr."), dated 20 September 1993, attached as Exhibit A to Moving Brief.  The Plea Agreement was part of a universal settlement of Federal and state charges pending against Taccetta. Plea Tr. at 2. In exchange for the guilty plea, the Government agreed to dismiss the Indictment and not to prosecute Taccetta in connection with the offenses alleged in the Indictment.  *Id.* at 3. The government further agreed not to compel Taccetta to testify, not to seek any upward departure from the United States Sentencing Guidelines and not to oppose an application by Taccetta that any sentence imposed as part of the state component of the universal settlement run concurrent with the Federal sentence.  *Id.*

The first count of the Information ("Count One") charged Taccetta with participating in the affairs of an enterprise, the New Jersey faction of the Lucchese family, through a pattern of racketeering.  *See* Information, Count One. Taccetta admitted to a pattern of racketeering which included the Division of Sanitation scheme and the commercial bribery scheme which were the subject of the then pending Indictment, as well as multiple murder conspiracies, seven of which resulted in the death of the victim.  *See* Plea Tr. at 21–26.

The second count of the Information ("Count Two") charged Taccetta with jury tampering.  Specifically, Count Two of the Information stated, in full,

> *During the time period of approximately November, 1986 through November, 1988,* in the District of New Jersey, the defendant MICHAEL TACCETTA did knowingly and willfully and corruptly endeavor to influence or impede a juror in the Unit-

ed States District Court for the District of New Jersey in that juror's discharge of his duty in the matter of *United States v. Accetturo et al.,* Cr. No. 85–292(HAA), *through the payment of bribes to the juror* [i]n violation of Sections 1503 and 2 of Title 18 of the United States Code.

*See* Information, Count Two (capitals in original) (emphasis added); Plea Tr. at 26–7.

### C.  *The Plea Hearing*

At the plea allocution ("Plea Hearing"), among other admissions, Taccetta admitted to the following:

Q.  During the time period of approximately November, 1986 through November, 1988, did you participate in a proceeding in the district court for the District of New Jersey, namely the trial of *United States v. Anthony Accetturo et al.*? [2]

A.  Yes.

Q.  During that same time period, did you aid and abet the corrupt endeavor to influence and impede a juror in that the trial in that juror's discharge of his duties in that manner?

A.  Yes.

Q.  Did you do all of these acts knowingly and willfully?

A.  Yes.

Plea Tr. at 26–7. Taccetta further admitted his conduct with respect to both counts of the Information was committed knowingly, willfully and intentionally:

Q.  Now, ... you've told me that you [Taccetta] read the [I]nformation, [C]ount[ ][O]ne and [Count] [T]wo, correct?

A.  Yes, sir.

Q.  You discussed them with your attorney?

A.  Yes.

Q.  He's explained them all to you?

A.  Yes.

**2.**  The *Accetturo* trial, which resulted in not guilty verdicts on all counts against all defendants, ended 26 August 1988.  Moving Brief at 5.

Q. It is fair to say that you knowingly, willfully and intentionally committed the conduct set forth in the [I]nformation in [C]ount[ ][O]ne and [Count] [T]wo?

A. Yes.

Plea Tr. at 28.

The Plea Agreement stated that "[t]he sentence to be imposed upon [Taccetta] [was] within the sole discretion of the sentencing judge, subject to the Sentencing Reform Act and the United States Sentencing Guidelines." *See* Plea Agreement, attached to Opposition Brief at Exhibit 1, 2. Taccetta faced a maximum of twenty years in Federal prison on Count One and five years imprisonment on Count Two. *Id.* The Plea Agreement specified the Government would ask that the maximum sentence be imposed and that the five year term on Count Two run consecutive to the twenty year term on Count One. *Id.* at 4.

### D. *The Sentencing*

On 22 July 1994, Taccetta was sentenced to a term of twenty-five years. *See* Judgment in a Criminal Case ("Criminal Judgment"), attached as Exhibit D to Moving Brief. The Criminal Judgment lists the date of the offense for Count Two, obstruction of justice, as 1 November 1988, rather than the period of time during which the conduct occurred, November, 1986 until November, 1988. *See* Criminal Judgment. Taccetta appealed his conviction, which was affirmed on 28 June 1995. *See United States v. Taccetta,* 61 F.3d 897 (3d Cir.1995), *cert. denied,* ——— U.S. ———, 116 S.Ct. 231, 133 L.Ed.2d 159 (1995).

### E. *Habeas Petition*

In the Habeas Petition, Taccetta claims he is entitled to relief pursuant to Section 2255 because he could not lawfully be convicted on Count Two of the Information due to legal impossibility or, in the alternative, the statute of limitations. Moving Brief at 6. Taccetta further argues the guilty plea was procured as a result of prosecutorial misconduct. *Id.* at 12.

*Discussion*

### A. *Necessity of an Evidentiary Hearing*

"The discretion of the district court summarily to dismiss a motion under 2255 is limited to cases where the motion, files, and records show conclusively that the movant is not entitled to relief." *United States v. Nahodil,* 36 F.3d 323, 326 (3d Cir.1994) (citing *United States v. Day,* 969 F.2d 39, 41–42 (3d Cir.1992) (internal quotations omitted)). "The question whether to order an evidentiary hearing is committed to the sound discretion of the district court." *Government of Virgin Islands v.. Bradshaw,* 726 F.2d 115, 117 (3d Cir.), *cert. denied,* 469 U.S. 829, 105 S.Ct. 113, 83 L.Ed.2d 56 (1984), *modified by United States v. Dawson,* 857 F.2d 923 (3d Cir.1988) ("If a nonfrivolous [ineffective assistance of counsel] claim clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant, then the claim does not merit a hearing."); *Page v. United States,* 462 F.2d 932, 933 (3d Cir. 1972). Where the record indicates the claim for relief is without merit, the "refusal to hold a hearing will not be deemed an abuse of such discretion." *Government of the Virgin Islands v. Nicholas,* 759 F.2d 1073, 1075 (3d Cir.1985).

As will be discussed, the Habeas Petition is meritless and, therefore, is denied. The Request for an Evidentiary Hearing is denied. *Nicholas,* 759 F.2d at 1075; *see Page,* 462 F.2d at 933.

### B. *Standard of Review under 28 U.S.C. § 2255*

Section 2255 of Title 28 of the United States Code ("Section 2255") provides a means of collaterally attacking a sentence imposed after a conviction. *United States v. Cannistraro,* 734 F.Supp. 1110, 1119 (D.N.J.), *aff'd mem.,* 919 F.2d 133, and *aff'd mem.,* 919 F.2d 137 (3d Cir.1990), *cert. denied,* 500 U.S. 916, 111 S.Ct. 2011, 114 L.Ed.2d 98 (1991). Section 2255 provides, in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in

violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255.

"The purpose of Section 2255 was to require a[F]ederal prisoner to exhaust his remedies in the courts of the District and Circuit in which he was convicted and sentenced, and to apply to the Supreme Court, on Certiorari from a denial of such remedies, before seeking release on *habeas corpus.*" *Crismond v. Blackwell*, 333 F.2d 374, 377 (3d Cir.1964); *see also Millan–Diaz v. Parker*, 444 F.2d 95, 96 (3d Cir.1971); *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir.1971). Strong interests in the finality of judgments prevents an error, which may justify reversal on direct appeal, from supporting a collateral attack on a final judgment. *United States v. Cleary*, 46 F.3d 307, 310 (3d Cir.1995) (quoting *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979)), *cert. denied*, —— U.S. ——, 116 S.Ct. 237, 133 L.Ed.2d 165 (1995). Taccetta did not present these issues he now asserts to the court before the plea, at the Plea Hearing, immediately thereafter or on direct appeal to the Circuit.

■ The grounds for collateral attack of a sentence pursuant to section 2255 are narrowly limited. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir.1992); *see also Addonizio*, 442 U.S. at 184, 99 S.Ct. at 2239–40. "[N]ot all non-constitutional errors in criminal proceedings enable a prisoner to bring an action under [Section] 2255 for relief." *Diggs v. United States*, 740 F.2d 239, 242 (3d Cir.1984); *see also Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2307, 41 L.Ed.2d 109 (1974) (holding not "every asserted error of law can be raised on a § 2255 motion"); *United States v. Vancol*, 778 F.Supp. 219, 222 (D.Del.1991), *aff'd*, 970 F.2d 901 (3d Cir.1992).

A motion under Section 2255 will be granted "only if the sentence results in 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *Cannistraro*, 734 F.Supp. at 1119 (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417, *reh'g denied*, 369 U.S. 808, 82 S.Ct. 640, 7 L.Ed.2d 556 (1962)); *Addonizio*, 442 U.S. at 185, 99 S.Ct. at 2240; *United States v. DeLuca*, 889 F.2d 503, 506 (3d Cir.1989), *cert. denied*, 496 U.S. 939, 110 S.Ct. 3222, 110 L.Ed.2d 669 (1990); *Vancol*, 778 F.Supp. at 222–23. Similarly, errors of fact will not provide a basis for relief unless "'the errors were of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid.'" *Addonizio*, 442 U.S. at 185–86, 99 S.Ct. at 2241 (quoting *United States v. Mayer*, 235 U.S. 55, 69, 35 S.Ct. 16, 19–20, 59 L.Ed. 129 (1914)).

The Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816, *reh'g denied*, 456 U.S. 1001, 102 S.Ct. 2287, 73 L.Ed.2d 1296 (1982); *see Addonizio*, 442 U.S. at 184–85, 99 S.Ct. at 2239–40; *Nicholas*, 759 F.2d at 1074 ("A [S]ection 2255 petition is not a substitute for an appeal").

■ A petitioner's failure to raise a particular error either at trial or on direct appeal generally precludes the assertion of that error for the first time in a collateral attack under section 2255. *See United States v. Essig*, 10 F.3d 968, 979 (3d Cir.1993); *United States v. DeRewal*, 10 F.3d 100, 105 n. 4 (3d Cir.1993), *cert. denied*, 511 U.S. 1033, 114 S.Ct. 1544, 128 L.Ed.2d 196 (1994); *United States v. Osser*, 864 F.2d 1056, 1061 (3d Cir.1988); *United States v. Grasso*, 468 F.Supp. 264, 266 (E.D.Pa.), *aff'd*, 612 F.2d 575 (3d Cir.1979). Where a petition is predicated upon information known by the defendant and his counsel at the time of the trial or at a point at which an appeal could have been taken, such knowledge is fatal to a section 2255 claim. *See Biberfeld*, 957 F.2d at 104; *Brown v. United States*, 556 F.2d 224, 227 (3d Cir.1977); *see also United States v. Keller*, 902 F.2d 1391, 1393–94 (9th Cir. 1990); *Chin v. United States*, 622 F.2d 1090

(2d Cir.1980), *cert. denied,* 450 U.S. 923, 101 S.Ct. 1375, 67 L.Ed.2d 353 (1981).

■ Where a section 2255 motion rests on issues not raised at trial or on direct appeal, the petitioner bears the burden of demonstrating both "cause" to excuse the procedural default and that "actual prejudice" resulted from the errors at issue.[3] *Frady,* 456 U.S. at 167, 102 S.Ct. at 1594; *Essig,* 10 F.3d at 979; *DeRewal,* 10 F.3d at 105 n. 4; *Biberfeld,* 957 F.2d at 104.

"[T]he existence of cause for a procedural default must ordinarily turn on whether some objective factor *external to the defense* impeded counsel's effort to comply with the ... procedural rule." *Murray,* 477 U.S. at 488, 106 S.Ct. at 2645 (emphasis added); *see Essig,* 10 F.3d at 979. The Supreme Court has explained:

> Objective factors that constitute cause include "interference by officials" that makes compliance with [the exhaustion requirement] impracticable, and "a showing that the factual or legal basis for a claim was not reasonably available to counsel." In addition, constitutionally "ineffective assistance of counsel ... is cause." Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default.

*McCleskey v. Zant,* 499 U.S. 467, 493–94, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (quoting *Murray,* 477 U.S. at 486–88, 106 S.Ct. at 2644–46), *reh'g denied,* 501 U.S. 1224, 111 S.Ct. 2841, 115 L.Ed.2d 1010 (1991).

To establish prejudice, the petitioner must show "not merely that the errors at ... trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady,* 456 U.S. at 170, 102 S.Ct. at 1596 (emphasis in original); *see Biberfeld,* 957 F.2d at 105.

Taccetta argues that legal impossibility, the statute of limitations and prosecutorial misconduct require the vacation of his conviction on Count Two of the Information. As mentioned, Taccetta did not raise any of the claims presented in the Habeas Petition before the plea, at the Plea Hearing, immediately thereafter at the trial level or on direct appeal. The failure to raise these claims, either at the Plea Hearing, or immediately thereafter, or on direct appeal, results in a waiver of the claims absent a showing of cause or prejudice. *See, e.g., United States v. Karlin,* 785 F.2d 90, 92 (3d Cir.1986) (defense of statute of limitations waived because defendant failed to raise it in the district court), *cert. denied,* 480 U.S. 907, 107 S.Ct. 1351, 94 L.Ed.2d 522 (1987); *cf. Essig,* 10 F.3d at 979 (*Frady* cause and prejudice applies to errors in connection with sentencing and not directly appealed).

Significantly, Taccetta was represented by Furman Templeton, Esq. ("Templeton") at the Plea Hearing. At the time, Templeton was associated with Michael Critchley, Esq. ("Critchley"). Plea Tr. at 2. Critchley represented Taccetta during the *Accetturo* trial. Opposition Brief at 11; Reply Brief at 7. Accordingly, both Taccetta and his counsel were aware of the date of the verdict in the *Accetturo* trial, the date range alleged in the Information and the date on which Taccetta entered his plea. Taccetta does not argue the existence of any cause or prejudice for failing to raise these claims earlier despite the knowledge possessed by Taccetta and his counsel.[4]

---

**3.** The Supreme Court has established a narrow exception to this rule. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a [F]ederal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986). The allegations in the Habeas Petition, and the facts underlying the conviction, do not implicate this narrow exception.

**4.** The Government argues the claim of legal impossibility is an affirmative defense that is waived if not raised on direct appeal. Opposition Brief at 9 (citing *United States v. Berrigan,* 482 F.2d 171, 188 (3d Cir.1973)). *Berrigan,* however, does not stand for that proposition. Taccetta argues because he has challenged the jurisdiction of the court with respect to the guilty plea by raising the claim of legal impossibility, the claim cannot be waived and he is not required to satisfy the miscarriage of justice standard. Reply Brief at 2. Even assuming the claim of legal impossibility cannot be waived by procedural default, it is inapplicable here. As will be

---

**678**

Taccetta has not asserted a legal error that amounts to a fundamental defect which inherently results in a complete miscarriage of justice. The claims raised by Taccetta are not cognizable under Section 2255 and, therefore, are dismissed.[5]

### C. The Merits of the Arguments

#### 1. Legal Impossibility

■■ Legal impossibility is said to occur where the intended acts, even if completed, would not amount to a crime. *Berrigan*, 482 F.2d at 188. Taccetta argues it was legally impossible for him to commit the crimes to which he pleaded guilty in Count Two of the Information. Moving Brief at 6. Specifically, Taccetta argues:

> [T]he jury in the *Accetturo* trial returned a verdict of not guilty on [26 August 1988]. Yet, [Taccetta's] factual basis for the obstruction of justice offense is that he aided and abetted the corrupt endeavor to influence a juror in the juror's discharge of his duties during the time period of November, 1986 through November, 1988. More importantly, on the face of the [Criminal Judgment] that was entered and filed by the court on [22 July 1994], the date of the obstruction of justice offense is identified as being [1 November 1988].
>
> Clearly, [Taccetta] could not have endeavored to influence any juror serving in the *Accetturo* trial at any point after the not guilty verdicts were rendered.

Moving Brief at 10. The crux of this argument is that it was legally impossible for Taccetta to commit the offense as charged in the Information because the charging language in the Information covers a time period after the verdict had been rendered and the jury discharged.

In support of his argument, Taccetta cites· *United States v. Bashaw*, 982 F.2d 168 (6th Cir.1992), where the Circuit reversed a conviction for obstructed justice. *Id.* at 169. Bashaw was charged with making threatening statements to two jurors who had served on the jury in his brother's trial. *Id.* The Circuit held that the "[d]efendant could not have been found to have the 'specific intent of purpose to obstruct' as required for a conviction when the trial was over, the jurors had completed their duties, and [the defendant] could not alter the jury's guilty verdict." *Id.* at 173. Significantly, the conduct at issue in *Bashaw* was committed after the jury had rendered its verdict, a fact that distinguishes it from the instant case.

In contrast, Taccetta admitted to conduct which occurred before the *Accetturo* verdict was rendered and continued thereafter until November, 1988. It is undisputed that Taccetta pleaded guilty to a course of conduct that extended from November, 1986 until November, 1988:

> Q. During the time period of approximately November, 1986 through November, 1988, did you participate in a proceeding in the district court for the District of New Jersey, namely the trial of *United States v. Anthony Accetturo et al.?*
>
> A. Yes.

---

discussed, the crime committed by Taccetta was not legally impossible and he is not entitled to habeas relief.

**5.** In addition, the Government argues the guilty plea entered by Taccetta acts as a waiver of the claims raised. Opposition Brief at 6–9. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973); *see also United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989); *Siers v. Ryan*, 773 F.2d 37, 42 (3d Cir.1985), *cert. denied*, 490 U.S. 1025, 109 S.Ct.

1758, 104 L.Ed.2d 194 (1989); *Telepo v. Scheidemantel*, 737 F.Supp. 299, 305–6 (D.N.J.1990). This doctrine, which applies as well to statutory violations that occur before a guilty plea, *see United States v. Fulford*, 825 F.2d 3, 10 (3d Cir.1987), limits the focus of the Federal habeas inquiry to the nature of the legal advice provided and the voluntariness of the plea. *Broce*, 488 U.S. at 569, 109 S.Ct. at 762; *Tollett*, 411 U.S. at 266, 93 S.Ct. at 1607–08. A petitioner will then be precluded from raising new defenses by collateral attack. *Broce*, 488 U.S. at 563, 109 S.Ct. at 759.

Because the substance of the claims lack merit, the issue of whether Taccetta is procedurally barred from raising the claims due to his guilty plea is not addressed.

Q. During that same time period, did you aid and abet the corrupt endeavor to influence and impede a juror in that the trial in that juror's discharge of his duties in that manner?

A. Yes.

Q. Did you do all of these acts knowingly and willfully?

A. Yes.

Plea Tr. at 26–7. By Taccetta's admission, the endeavor to influence the juror began during the period that the juror was serving in the *Accetturo* trial and continued thereafter until November, 1988. The Government contends "[t]he offense was not completed until final payment was made to the juror in November, 1988." Opposition Brief at 13; *see also* Information, Count Two (stating that during the time period from November 1986 until November 1988 Taccetta endeavored to influence a juror through the payment of bribes.).[6] Taccetta admitted at the Plea Hearing this allegation is true. Plea Tr. at 27–8.

Without citation to legal authority, Taccetta argues "the act of making payments to the juror would be of no import insofar as the crime was already completed. Evidence of payment, coupled with the not guilty verdicts, at best, would only prove that the endeavoring to influence, which could not have occurred any later than [26 August 1988], was, in fact, successful." Moving Brief at 10–11. This argument is without merit. Although the result of the offense was achieved in August 1988, the offense was not completed until November 1988.

Taccetta does not deny committing the offense for the period prior to rendering the verdict in August 1988. Taccetta does not, for that matter, deny committing the conduct for the period following the entrance of the verdict. Nor does Taccetta argue the rendering of the verdict on 26 August 1988 negates the conduct which occurred before the verdict was entered. Even assuming the conduct following the August 1988 verdict could not be a crime, there is no dispute the conduct committed before the verdict was a crime.

As discussed, Taccetta entered a plea of guilty to a course of conduct, the payment of bribes to a juror, which occurred from November, 1986 until November, 1988. "A guilty plea 'is more than a confession which admits that the accused did various acts.... It is an admission that he committed the crime charged against him.... By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *Broce,* 488 U.S. at 569, 109 S.Ct. at 762 (internal citations omitted).

■ That the verdict in the *Accetturo* trial was rendered in August 1988 does not negate the illegal conduct initiated in November 1986, completed in November 1988 and admitted to in September 1993.[7] At best, Taccetta has an argument for the statute of limitations. As discussed, the claim based upon the statute of limitations was waived by Taccetta because he failed to raise it earlier. Taccetta's claim for relief based upon legal impossibility is denied.[8]

6. Taccetta argues the factual basis for his plea contains no admission of payments into November 1988 and that no "such evidence has ever been presented by the Government." It is undisputed Taccetta admitted to influencing a juror through November, 1988. *See* Plea Tr. at 26–7. The Information described this conduct as the payment of bribes to the juror during the period of time in question. *See* Information, Count Two. Taccetta admitted he knowingly, willfully and intentionally committed the conduct set out in Count Two of the Information. Plea Tr. at 27–8.

7. Taccetta argues because the Criminal Judgment reflects the date of the obstruction offense as 1 November 1988, the date of the offense is narrowed, taking it out of the category of a 'continuing' offense. This argument is rejected. The Criminal Judgment was prepared and filed by the court. Any errors contained therein are not attributable to either Taccetta or the Government. The date on the Criminal Judgment does not override the express admission of Taccetta that the conduct occurred from November, 1986 until November, 1988.

8. The argument that "the motive to influence the jury no longer existed" once the trial was over also fails. Without engaging in speculation as to what actually happened, it is clear Taccetta would have a significant interest in continuing post-verdict, any pre-verdict deals or conduct, in an effort to preserve the juror's silence.

## 2. *Statute of Limitations and Prosecutorial Misconduct*

Taccetta argues the prosecution on Count Two was time-barred by the statute of limitations pursuant to 18 U.S.C. § 3282 and that his guilty plea was procured through prosecutorial misconduct. Moving Brief at 12. The applicable statute of limitations provides:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

18 U.S.C. § 3282.

Taccetta argues the obstruction of justice offense was complete when the "effort or assay" to obstruct justice occurred. Moving Brief at 12 (citing *United States v. Brand,* 775 F.2d 1460, 1465 (11th Cir.1985)). Taccetta argues, "[s]uch an endeavor could not occur after the not-guilty verdicts were rendered on 26 August 1988.... Therefore, when [Taccetta] entered a guilty plea to the obstruction count on [20 September] 1993, the statute of limitations had already expired." *Id.*

■■■ A statute of limitations defense is not jurisdictional; it is an affirmative defense which may be waived by failing to raise it before or at trial. *Karlin,* 785 F.2d at 91–2. *See also United States v. Manning,* 56 F.3d 1188, 1196 (9th Cir.1995); *United States v. Solomon,* 29 F.3d 961, 964 (5th Cir.1994), *cert. denied,* 513 U.S. 1157, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995). Taccetta's failure to assert his statute of limitations claim at the Plea Hearing constitutes a waiver of the claim. *Karlin,* 785 F.2d at 93.

■■■ Taccetta attempts to excuse his default by arguing the statute of limitations problem was not evident from the face of the Information. Taccetta attributes this to prosecutorial misconduct. Moving Brief at 13. Taccetta argues:

> [T]he Government's purpose in drafting Count Two of the Information is suspicious, necessitating an examination of the Government's motives therein. Clearly, the Government was aware that the *Accet-*

*turo* trial ended in August of 1988, since it prosecuted that case. Interestingly, however, the Government included September, October and November of 1988 as part of the time period in which the endeavoring to influence a juror took place.

> One can reasonably infer from the misstatement of the time period contained within count Two of the Information and as elicited by the United States Attorney, that a calculated decision was made on the Government's part in selecting November 1988 as the end of the 'endeavoring' period.

Moving Brief at 13–14.

Taccetta presents no evidence of prosecutorial misconduct other than pointing to the Information, contending the Government acted in bad faith and requesting the court to draw such an inference. *Id.;* Reply Brief at 12–13. Taccetta, however, admitted he knowingly, willfully and intentionally endeavored to influence a juror through the payment of bribes between November 1986 and November 1988. Plea Tr. at 28.

The argument that Taccetta did not realize the Information alleged conduct occurring after the *Accetturo* verdict is disingenuous. Taccetta glosses over the fact his counsel at the Plea Hearing, Templeton, was an associate of Critchley—the attorney who represented Taccetta during the *Accetturo* trial. Taccetta and his counsel knew both when the verdict was rendered in the *Accetturo* trial and that the period of unlawful conduct alleged in the Information extended beyond the verdict date. Moreover, Taccetta admitted the criminal conduct at issue occurred before and after the return of the verdict in the *Accetturo* trial. Taccetta could have and should have raised the statute of limitations issue prior to the instant Habeas Petition. Moreover, his admission of criminal conduct following the acquittal in the *Accetturo* trial to November 1988 further undercuts both his statute of limitations argument and his prosecutorial misconduct argument.

In any event, the statute of limitations was not a bar to the prosecution. As discussed, Taccetta testified he read the Information, discussed it with his attorney and understood the allegations against him. Plea Tr. at 28.

Taccetta admitted he knowingly, willfully and intentionally committed the conduct set forth in both counts of the Information. *Id.* Count Two of the Information alleged Taccetta endeavored to influence or impede a juror's discharge of his duty in the *Accetturo* trial through the payment of bribes. *See* Information, Count Two. This count also alleges the conduct occurred through November, 1988. *Id.* Taccetta entered his plea of guilty on 20 September 1993, within the five year statute of limitations. Accordingly, the statute of limitations is not a bar to Taccetta's prosecution.

*Conclusion*

For the foregoing reasons, the Habeas Petition is denied; there is no probable cause for appeal.